WILLIAM S. WHITE *vs.* THE WASHINGTON SCHOOL DISTRICT.

A scire facias upon a process of foreign attachment is a "suit at law," within the meaning of the charter of the city of Hartford, which provides for an appeal of suits at law from the City Court to the Superior Court.

SCIRE FACIAS upon a process of foreign attachment; brought to the City Court of the city of Hartford, and appealed by the defendants from the judgment of that court to the Superior Court for Hartford County. In the latter court the plaintiff moved that the case be erased from the docket on the ground that it was not appealable from the City Court, but the court (*Sanford, J.,*) denied the motion, and at a later term judgment having been rendered for the defendants, the plaintiff brought the case before this court by a motion in error, assigning as error the denial of the motion that the case be erased from the docket.

*G. G. Sill,* for the plaintiff, contended that the scire facias was not a "suit at law," within the meaning of the 11th section of the charter of the city, which provides for appeals of suits from the City Court to the Superior Court; citing *Sher-*

*wood* v. *Stevenson*, 25 Conn., 438, *Day* v. *Wells*, 31 id., 344, and *Smyth* v. *Ripley*, 32 id., 156.

*C. J. Cole*, for the defendants, cited *Ensworth* v. *Davenport*, 9 Conn., 392; *Smyth* v. *Ripley*, 33 Conn., 311; *Fenner* v. *Evans*, 1 T. R., 267; *Grey* v. *Jones*, 2 Wils., 251; *Pultney* v. *Townsen*, 2 W. Bla., 1227; 2 Tidd's Prac., 1046; *Bibo* v. *Allen*, 4 Heisk., 31; *Swancy* v. *Scott*, 9 Humph., 340; *Bryant* v. *Smith*, 7 Coldw., 113; *State Bank* v. *Vance*, 9 Yerg., 475.

GRANGER, J. The only question in the present case is, whether the defendants had a right to appeal from the judgment of the City Court to the Superior Court.

The right of appeal from the City Court is regulated by the charter of the city, by which it is provided that "an appeal shall be allowed and certified in due form of law, at the first term to which any suit at law is returnable, and before trial to the jury, from the judgment or determination of said City Court in such suit, when the matter in demand exceeds one hundred dollars, to the next Superior Court to be holden in Hartford County."

If the proceeding called scire facias is a suit at law, there can be no question that the appeal was properly taken, and the court committed no error in refusing to grant the plaintiff's motion to erase the case from the docket for want of jurisdiction.

That a scire facias is a suit at law within the meaning of the charter we have no doubt. It is proceeded with in all respects as a suit at law. The writ is issued by the clerk of the court which rendered the original judgment, it contains a summons to the defendant to appear and answer, and upon it property may be attached; and although it is not an original writ, but a judicial writ, still "it is an action, it may be pleaded to as an action, and may be released by a release of all actions." WILLIAMS, J., in *Ensworth* v. *Davenport*, 9 Conn., 392; and see cases there cited. Judge SWIFT, (1 Swift's Digest, 731,) says: "If the garnishee makes default

of appearance, or refuses to disclose what goods, &c., he had in his hands at the time of the service of the original writ, judgment may be rendered against him as of his own proper debt. The defendant may appear and plead any proper plea in his defense, and under the general issue the case may be tried to the jury."

The case of *Smyth* v. *Ripley*, 33 Conn., 311, fully sustains the claim of the defendants that a scire facias is an action at law. Actions at law and suits at law are synonymous terms; they are one and the same thing. In the General Statutes writs of scire facias are classified under the head of civil actions, and it is provided (page 396, sec. 1,) that "mesne process shall lie in actions at law, including writs of scire facias, a writ of summons or attachment, &c."

We find no error in the judgment of the Superior Court.

In this opinion the other judges concurred.