JOHN COOPER *vs.* MARY L. SKINNER.

Suffolk. Nov. 15, 1877. — March 1, 1878. COLT & AMES, JJ., absent.

The Municipal Court of the city of Boston has no jurisdiction of a petition to enforce a mechanic's lien, where the amount of the claim exceeds one hundred dollars.

PETITION, under the Gen. Sts. *c.* 150, to the Municipal Court of the city of Boston, to enforce a mechanic's lien for labor per-

formed and materials furnished, to the amount of $203.50, in the erection of a building in Boston.

At the trial in the Municipal Court, the only defence relied on was that the court had no jurisdiction of the petition, because the amount of the petitioner's claim was more than $100.

The Municipal Court dismissed the petition, and the petitioner appealed to the Superior Court. That court ruled that the Municipal Court had no jurisdiction of the petition, and ordered the petition to be dismissed, and judgment thereon for the respondent. The petitioner appealed to this court.

*S. H. Dudley*, for the petitioner.

*W. H. Drury*, for the respondent.

SOULE, J. All the provisions of the General Statutes relative to the lien of mechanics on buildings and land are contained in *c.* 150. Section 8 provides that the lien may be enforced by petition to the Superior Court. Section 9 provides that, " when the claim does not exceed one hundred dollars, the lien may be enforced by petition to a justice of the peace or police court." These are the only enactments by which jurisdiction is given in express terms to any tribunal, of such petitions. It is contended, however, by the petitioner, that the Municipal Court of the city of Boston has jurisdiction of such petitions, when the claim does not exceed three hundred dollars, by virtue of the provisions of the statutes which give jurisdiction to the Police Court of Boston, to the amount of three hundred dollars, in all personal actions and civil proceedings, and the statutes which give the same jurisdiction to the municipal courts of the city of Boston which the Police Court had, and the statutes which give exclusive jurisdiction to the municipal courts of Boston in all civil actions and proceedings when the claim does not exceed one hundred dollars, and concurrent jurisdiction with the Superior Court when the claim exceeds that amount, and does not exceed three hundred dollars. Gen. Sts. *c.* 116, §§ 18, 41. Sts. 1866, *c.* 279, § 13; 1871, *c.* 144; 1874, *c.* 271; 1875, *c.* 106.

It is to be observed, however, that the mechanic's lien is not a common law right, and that the proceedings for its enforcement are peculiar. None of the statutes referred to above, and relied on by the petitioner, contain any direct reference to it or its enforcement. Chapter 116 of the General Statutes treats of

the jurisdiction of police courts in criminal matters and in civil cases, but it cannot be supposed that general provisions there made with reference to ordinary proceedings, in cases where there is a common law right and remedy, have any reference to special proceedings under a right created by statute, when there is another chapter in the same code which treats fully of the right and the method of enforcing it. It is clear that, under the General Statutes, the only jurisdiction of petitions for the enforcement of mechanics' liens is given in §§ 8 and 9 of *c.* 150.

It is equally clear that the subsequent statutes relied on by the petitioner refer only to the extent of jurisdiction in the cases and proceedings referred to and covered by *c.* 116 of the General Statutes, and were not intended to change the jurisdiction of any court as to petitions for enforcing the lien of mechanics on buildings. The language used, " civil actions and proceedings," is the same as that which is employed in the Gen. Sts. *c.* 116, and refers to the same classes of cases to which that chapter refers. It would be contrary to the principle adopted in construing statutes, to hold that general provisions, admitting of a different interpretation, were intended to change the jurisdiction in a special matter, in which the right and remedy are both created by a statute containing full and definite provisions as to the whole subject. *Humphrey* v. *Berkshire Woollen Co.* 10 Allen, 420. *Busfield* v. *Wheeler*, 14 Allen, 139.

The petitioner's claim being in excess of one hundred dollars, the Municipal Court of the City of Boston had no jurisdiction in the matter; and the order of the Superior Court dismissing the petition was correct.            *Judgment affirmed.*