ABRAHAM DION & another *vs.* JEFFREY POWERS.

Bristol.    Oct. 29, 1879. — Jan. 20, 1880.    COLT & AMES, JJ., absent.

The Gen. Sts. *c.* 120, § 13, do not authorize a District Court to grant a motion for the removal to the Superior Court of a petition to enforce a mechanic's lien, on the ground that the title to real estate is involved; and if such a petition is removed to the Superior Court, the petition should not be dismissed, but remanded to the District Court.

PETITION to the Second District Court of Bristol to enforce a mechanic's lien.  The Fall River Savings Bank, mortgagee of the premises on which the lien was claimed, appeared and filed a motion alleging that the title to real estate was brought in question and praying for a removal of the cause to the Superior Court under the Gen. Sts. *c.* 120, § 13; which motion was granted.

At the trial in the Superior Court, without a jury, *Brigham,* C. J., found that the sole cause of removal from the District Court was the fact that the above-named corporation held a mortgage upon the premises which were subject to the petitioners' lien; and ruled that the Gen. Sts, *c.* 120, § 13, applied only to common-law actions, and not to proceedings to enforce statutory liens, and that, if the above statute applied to cases of liens, the fact that a mortgage existed on the premises subject to the lien did not raise such a question of title to real estate as to give cause for a removal under the above statute.

The petitioners contended that the question was whether the mortgage should take precedence of the lien, and, on that account, there was a question of title to real estate involved; and that the Superior Court had jurisdiction of the cause.  But

the judge ruled that said court had not jurisdiction of the cause, because the granting of the motion for removal by the District Court was erroneous. The petitioners thereupon moved that the cause be remanded to the District Court. But the judge ruled that he had no power so to remand it; and ordered that the petition be dismissed. The petitioners alleged exceptions.

*H. A. Dubuque,* for the petitioners.

*H. K. Braley,* for the respondent.

SOULE, J. The petitioners rely on the provisions of the Gen. Sts. *c.* 120, § 13, as containing authority for the removal of their petition from the District Court to the Superior Court. But it is to be observed that the mechanic's lien is not a common-law right, and that the proceedings for its enforcement are peculiar. All of the provisions of the General Statutes relating thereto are contained in *c.* 150. Section 8 provides that the lien may be enforced by petition to the Superior Court. Section 9 provides that, "when the amount of the claim does not exceed one hundred dollars, the lien may be enforced by petition to a justice of the peace, or police court." These are the only provisions by which jurisdiction of such petitions is given in express terms to any tribunal. The Second District Court of Bristol has the same jurisdiction with police courts. St. 1874, *c.* 293.

Chapter 120 of the General Statutes treats of the jurisdiction of justices of the peace in civil and criminal matters, and in § 1 names the actions of which they are to have exclusive original jurisdiction, and in § 2 names the actions of which they are to have original and concurrent jurisdiction with the Superior Court. No mention of the mechanic's lien is made in the chapter. The word "action" in § 13 refers to the actions named in the chapter. It would be contrary to the principle adopted in construing statutes to hold that general provisions, admitting of a different interpretation, should be construed as designed to change the jurisdiction in a special matter in which the right and the remedy are both created by a statute containing full and definite provisions as to the whole subject. *Humphrey* v. *Berkshire Woollen Co.* 10 Allen, 420. *Busfield* v. *Wheeler,* 14 Allen, 139. *Cooper* v. *Skinner,* 124 Mass. 183. The District Court had no authority to permit the removal of the petition to the Superior Court. It was, therefore, never removed, but is

still pending in the District Court, to be proceeded with there according to law. All papers which have been sent up to the Superior Court should be sent back. The ruling of the chief justice of the Superior Court, ordering the petition to be dismissed for the reason given, was erroneous. The question whether the District Court had jurisdiction of the petition is not before us.                          *Exceptions sustained.*