WAREHAM SAVINGS BANK vs. FRANCIS M. VAUGHAN.

Plymouth. Oct. 17. — Nov. 29, 1882. LORD, C. ALLEN & COLBURN, JJ., absent.

A creditor, who levies an execution, issued upon a judgment obtained by him against his debtor, on land of the debtor, which is set off to him, and seisin and possession thereof are received by him in full satisfaction of his judgment, is not entitled afterwards, if the debtor becomes insolvent, to tender a deed of release of the land to the assignee in insolvency, and be admitted as a creditor for the amount of the judgment, under the Gen. Sts. c. 118, § 27, although the land, at the time of the levy, stood in the name of a third person.

APPEAL from a decision of the Court of Insolvency, disallowing a claim of the appellant bank against the estate of Lloyd Perkins, of which the appellee was the assignee. The case was submitted to the Superior Court, and, after judgment for the appellee, to this court, on appeal, upon an agreed statement of facts, in substance as follows:

The appellant recovered judgment against one Lothrop Thomas and Lloyd Perkins, at June term 1880 of the Superior Court, for $1210.34, debt or damage, and $17.04 costs of suit. Execution issued thereon, and, in July 1880, was duly levied on land, as the land of Lloyd Perkins, and which appeared by the levy and the return of the execution to be his estate, but which stood in the name of Almira E. Perkins, his wife. The estate so levied upon was duly set off to the appellant, and seisin and possession thereof duly delivered to it; and the execution, which was returned fully satisfied, was, with the officer's return thereon, duly recorded in the registry of deeds. The appellant received said seisin and possession in full satisfaction of the judgment.

In September 1880, Lloyd Perkins went into insolvency, and in October of that year the appellee was duly appointed assignee of his estate, and accepted said trust. In June 1881, the appellant tendered to the appellee a deed of release of said land, which he refused; and the appellant duly presented said judgment to the Court of Insolvency, to be allowed as a debt against said estate, which was disallowed.

At October term 1881 of the Superior Court, the appellant commenced an action to recover possession of said land from

Almira E. Perkins, relying upon its rights under said set-off upon the execution, which action is now pending.

*E. Robinson*, for the appellant.

*F. M. Vaughan, pro se.*

DEVENS, J.   The execution which issued upon the judgment obtained by the appellant had, before the insolvency, been levied upon certain real estate as that of Lloyd Perkins, but which in fact stood in the name of Almira E. Perkins.   It is the contention of the appellant, that the judgment still constituted a debt upon which it had obtained collateral security only; and that, under the provisions of the Gen. Sts. *c.* 118, § 27, it is now entitled to " release and deliver up to the assignee the premises held as security and be admitted as a creditor for the whole of his debt."   This position cannot be maintained.   The appellant had received seisin and possession of the real estate set off to it in full satisfaction of its judgment, and the execution had been returned fully satisfied.   The judgment did not constitute a debt, at the time of the insolvency, upon which an action could have been brought, nor one that was provable against the estate of the debtor.   *Dennis* v. *Arnold*, 12 Met. 449.   *Perry* v. *Perry*, 2 Gray, 326.   Gen. Sts. *c.* 118, § 25.   It is true that, if it shall appear hereafter that the real estate of which seisin has been delivered to the appellant cannot be held as the property of the debtor, a writ of *scire facias* may be brought, and another execution issued upon the judgment, unless cause shall be shown to the contrary.   Gen. Sts. *c.* 103, § 22.   But the possibility that such a contingency may hereafter happen cannot make of the judgment a present existing debt.

If all that the appellant obtained by its levy be, as it claims, a right to maintain an action for the estate levied upon, it is still an action for its own benefit, which it is thus entitled to maintain because by the levy it has satisfied its judgment.   There is no provision for the transfer of such a right to the assignee, nor is real estate thus levied upon to be deemed " premises held as security " in the sense of the statute.   It is there contemplated that that which is to be released and delivered up is property of the insolvent upon which there is some lien or incumbrance.   If this real estate when levied upon was the property of the insolvent, it is now that of the appellant, and the assignee has and

can take no interest in it. If the appellant shall by the proceedings it has commenced successfully establish its title thereto, and if the land shall prove to be of far greater value than the amount of the judgment, there is no duty that requires it to account for the surplus to the assignee, as the land was received in satisfaction of, and not as security for, the judgment.

*Judgment affirmed.*