JOHN ELIOT *vs.* LEANDER J. McCORMICK & another.

Suffolk. Jan. 18. — Feb. 25, 1886. DEVENS & GARDNER, JJ., absent.

An error in law and an error in fact may be joined in a writ of error.
More than one error in fact may be assigned in a writ of error.

WRIT OF ERROR to reverse a judgment of the Superior Court in favor of the defendants in error in a personal action brought by them against the plaintiff in error. The errors assigned were an error in law apparent on the record, and four errors of fact. The defendants filed a demurrer, assigning as causes thereof that an error in law and an error in fact could not be joined, and that more than one error in fact could not be assigned.

The case was heard by *W. Allen*, J., and reserved for the consideration of the full court.

*R. D. Smith & M. M. Weston*, for the defendants in error.

*G. Putnam & C. Reno*, for the plaintiff in error.

MORTON, C. J. The statute provides that "the proceedings upon writs of error, as to the assignment of errors, the *scire facias*, pleadings, judgment, and all other matters not herein provided for, shall be according to the course of the common law as modified by the practice and usage in this Commonwealth and by general rules made by the Supreme Judicial Court." Pub. Sts. *c.* 187, § 15.

If the strict rule of the common law against duplicity, which prevented the assigning of an error of law and an error of fact, or of several errors of fact, in the same assignment, ever prevailed in this Commonwealth, it has been modified and abrogated by our practice and usage for many years. The modern legislation and practice have been in the direction of simplifying pleadings in all civil actions, and doing away with formal and technical objections. Although our various statutes regulating pleadings and practice in civil actions do not in terms provide for cases in error, the practice in such cases has been modified so as to conform to the spirit of these statutes. And the reports of the decisions of this court show that a practice of assigning errors in law and errors in fact, or several errors in fact, in the same assignment, has prevailed for many years, without objection by counsel, and with the approval of the court. *Goodridge*

v. *Ross,* 6 Met. 487. *Morrison* v. *Underwood,* 5 Cush. 52. *Tilden* v. *Johnson,* 6 Cush. 354. *Packard* v. *Matthews,* 9 Gray, 311. *Raymond* v. *Butterworth,* 139 Mass. 471. There is no good reason why this should not be done. An assignment of errors is analogous to a declaration, which may contain several counts. If an error of law and also errors of fact be assigned, there need be no embarrassment or confusion in the subsequent pleadings or in the trial. The defendant in error can plead *in nullo est erratum,* which is in the nature of a demurrer to the assignment of error in law, and traverse the assignments of errors in fact; and, under our practice, the court will take such order as to the trial that all the questions involved in the case may be brought before this court for final determination at the same time.

There is no practical force in the objection that errors in law and errors in fact are to be tried by different tribunals. There is no more danger of confusion in the trial than there is in the ordinary case of a declaration containing several counts, to some of which the defendant may demur, while he traverses others. Where a plaintiff in error has several valid objections to a judgment against him, he ought not to be deprived of any of them, or to be compelled to elect at his peril which of the objections he will rely upon. Such a narrow rule of pleading is against the spirit of our laws, and the practice and usage under them.

*Demurrer overruled.*