Horatio N. Slater *vs.* Ellen V. Lamb & another.

Worcester.    September 30, 1889. — November 29, 1889.

Present: Morton, C. J., Field, C. Allen, Holmes, & Knowlton, JJ.

*Execution — Sale of Land — Abandonment of Levy — Alias Execution.*

An execution was put into the hands of an officer and duly levied by a sale of land, but the purchaser, who paid down part of the price, was unable and refused to pay the balance or to take the deed. Afterwards the creditor and the officer abandoned the levy; the proceedings thus far were treated as a nullity; and the execution was handed back to the creditor's attorney with no return upon it. The sixty days from the date of the execution having elapsed, the attorney in good faith indorsed upon it a certificate that it had never been in the hands of an officer and was unsatisfied, whereupon an alias execution was issued, on which the land was again sold. *Held,* that the alias execution was valid, and the sale under it conveyed a good title; and that the first purchaser was entitled to have his money back.

Holmes, J. This is a writ of entry to recover a parcel of land. The demandant purchased the premises at an execution sale, and the only question raised by the report is whether the execution was valid. A valid execution was issued on February 18, 1887, and was put into the hands of one Shumway, a deputy sheriff. He advertised and sold the land by auction in due form, and received one hundred dollars down from the purchaser, after which the auction was adjourned *sine die.* The purchaser, however, was unable and refused to pay the rest of

the price, or to take the deed. Afterwards, by arrangement between Shumway and the creditor, the levy was abandoned, the proceedings on the execution were treated as a nullity, and the execution was handed back to the creditor's attorney with no return upon it. The sixty days from the date of the execution having elapsed, the attorney in good faith indorsed upon it a certificate that it had never been in the hands of an officer and was unsatisfied, whereupon an alias execution was issued; under which the sale to the demandant took place. Shumway still has in his hands the one hundred dollars, subject to the owner's order. It is agreed that, if this execution was lawful, the proceedings of the officer under it were sufficient to maintain the demandant's case.

There is no doubt that the officer and creditor had a right to abandon the first sale. *Croacher* v. *Oesting*, 143 Mass. 195. We see no reason for denying the validity of the alias execution. It is to be presumed that the first levy was begun by notice of the first sale, that being the mode provided by statute in case of a sale. *Hardy* v. *Safford*, 132 Mass. 332, 334. Pub. Sts. c. 172, § 45. But this notice would not apply to a subsequent sale, because the auction at which the first sale took place was adjourned *sine die*, and the notice required by the Pub. Sts. c. 172, § 45, is notice of the sale by which the levy is made. By this section the levy is to be " considered as made at the time of the first notice of such sale." The sixty days from the date of the original execution had run before the alias was taken out. It was then too late to begin a new levy under the original execution by giving a second notice. Pub. Sts. c. 171, § 22. *Prescott* v. *Wright*, 6 Mass. 20, 22. The only thing to be done was to get an alias. In *Croacher* v. *Oesting*, *ubi supra*, and in *Bell* v. *Walsh*, 130 Mass. 163, the notices under which the respective sales took place were both given within sixty days from the date of the original execution.

As to the manner in which the alias execution was procured, no doubt it would have been more regular, because more strictly according to the truth, for the officer to have returned the original execution unsatisfied. But the effect was the same whether the alias execution was issued on that ground, or on the ground that the original never had been in the officer's hands. Either

way, the creditor only got what he was entitled to. If it be suggested that the one hundred dollars received by the officer on the first sale ought to have been applied in satisfaction of the execution, and the alias taken out for the residue only, the answer is, that, whether or not it would have been in the power of the parties to adopt that course, they elected to avoid the sale *ab initio*, and upon their avoidance, properly so called, of the contract under which the purchaser paid and the officer received the money, the purchaser became entitled to have his money back. *Coolidge* v. *Brigham*, 1 Met. 547, 550. *Ballou* v. *Billings*, 136 Mass. 307. It is found that the officer holds the money subject to the order of whoever has the right to claim it.

The suggestion that, if the officer had made a return, the case would have been within the Pub. Sts. c. 172, § 53, misapprehends the purpose of that section, which is directed to cases where executions have been fully levied and then have been found to be inoperative, either wholly or in part. See *Perry* v. *Perry*, 2 Gray, 326.

*Judgment for the demandant.*

*W. A. Gile*, for the tenants.
*W. S. B. Hopkins*, for the demandant.