LUTHER HASKELL *vs.* EDWIN A. LITTLEFIELD & others.

Essex.   November 4, 1891. — January 7, 1892.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Scire Facias — Alias Execution — Interest.*

Where a writ of *scire facias* to obtain an alias execution, after alleging an amount to be due upon an unsatisfied judgment in excess of the amount for which it was rendered, prayed for a new execution for the amount of the judgment then due, and judgment was entered on the *scire facias* that " an alias execution issue as prayed for in said writ," it was *held* that the judgment on the *scire facias* went no further than to authorize a new execution, as provided in the Gen. Sts. c. 103, § 22, then in force, for the amount of the original judgment, without interest or costs; and that an execution issued for such amount with interest from the time the judgment was rendered was void.

PETITION, dated September 17, 1890, for partition of real estate in Newburyport. Trial in the Superior Court, without a jury, before *Sherman*, J., who allowed a bill of exceptions, which, so far as material to the points decided, is as follows.

The petitioner was a judgment creditor of Solomon Littlefield, and contended that he was entitled as tenant in common to one third part of the real estate in question by virtue of the levy of an execution issued against Solomon, who in his lifetime owned such real estate. The respondents were the children and heirs

at law of Solomon, who died intestate in 1880, leaving a widow, who continued to reside there until her death in 1890. The petitioner brought an action against Solomon, and recovered judgment against him on October 19, 1869, for $110.02 damages, and $29.93 costs of suit. On August 2, 1873, the petitioner sued out a writ of *scire facias* against Solomon, alleging that on October 19, 1869, he had recovered judgment against him for the sums above set forth, upon which an execution duly issued which was " levied on real estate and returned satisfied "; that " said levy of said execution on said real estate was adjudged void," as appeared of record; and that " the amount of said judgment now due is one hundred sixty-nine and $\frac{64}{100}$ dollars," as appears of record, which still remained unsatisfied; and prayed for the issue of " another execution for the amount of said judgment now due." The writ of *scire facias* was duly entered, and Solomon, being defaulted thereon, " Thereupon it is considered by the court that an alias execution issue as prayed for in said writ." This execution was issued on October 25, 1873, for " $139.95 in the whole, with interest thereon from " October 19, 1869, " with fifty cents more for this and a former writ," and on December 13, 1873, it was levied on real estate " heretofore set off to the judgment debtor to be held as a homestead," and the residue of the real estate which should remain after the termination of the homestead estate was appraised as a whole, and " one undivided third part of the residue to be held in common and undivided with the owner of the other two-thirds parts thereof" was also appraised " at one hundred and ninety-one dollars and twenty cents, which is the amount of this execution," and such " one third part of said residue or remainder " was set off, and " seisin and possession thereof " delivered to the petitioner " to hold to him, his heirs and assigns forever," in full satisfaction of the execution.

The respondents requested the judge to rule that the levy was void for the following reasons: because the execution issued on *scire facias*, under which execution the petitioner claimed, was not without interest or further costs; because the execution issued on *scire facias* did not follow the judgment; because the estate or right on which the levy was made was not the subject of levy; because the officer did not assign to the creditor the

right which the debtor had therein, but gave seisin and possession to the creditor; because it did not appear that any notice of the taking was given to the debtor; and because the officer levied for more for interest than his precept called for.

The judge declined so to rule, but ruled that the levy was not void, and found that the petitioner was entitled to partition; and the respondents alleged exceptions.

*H. I. Bartlett*, for the respondents.

*C. Lamson*, for the petitioner.

BARKER, J. Assuming that the judgment debtor's reversion, after the expiration of the homestead estate, might be taken on execution for this debt before the expiration of the homestead estate, (*Smith* v. *Provin*, 4 Allen, 516, 517; *White* v. *Rice*, 5 Allen, 73, 75; *Doyle* v. *Coburn*, 6 Allen, 71; Gen. Sts. c. 103, § 1,) and that the levy was in conformity to the provisions of the statute, the petitioner derived no title under it, for the reason that his execution was void. His original judgment was obtained on October 19, 1869, and was for the sum of $110.02 damages, and $29.93 costs. Execution had issued on this judgment, and had been levied on real estate and returned satisfied, and after the levy had been adjudged void the petitioner brought *scire facias* to obtain another execution. His writ of *scire facias* was sued out on August 2, 1873. In it he alleged that the judgment was altogether unsatisfied, and stated the date of recovery and the amount of damages and costs of the original judgment as recorded, and that the amount then due upon it was $169.64, and prayed that he might have another execution for the amount of the judgment then due. The judgment debtor did not appear in answer to the writ of *scire facias*, and upon his default judgment was entered against him in these words: "Thereupon it is considered by the court that an alias execution issue as prayed for in said writ." Upon the entry of this judgment, the execution under the levy of which the petitioner claims title was issued, on October 25, 1873. This execution recites correctly the original judgment, and commands the payment of the amount of the original judgment, with interest thereon from October 19, 1869, with fifty cents for that and a former writ.

The Gen. Sts. c. 103, § 22, under which the writ of *scire facias* was brought, provided that another execution might be

issued for the amount then due on the original judgment, without interest or further costs. The judgment upon the writ of *scire facias*, "that an alias execution issue as prayed for in said writ," must be construed in connection with the statute. If it could be construed otherwise, it could only be held to mean that the court adjudged that an alias execution should issue for the $169.64 which the writ alleged to be due on the judgment, and the execution issued did not follow the judgment under either construction. We think, however, that the judgment upon *scire facias* went no further than to authorize the issuing of a new execution as provided for in the statute referred to, which would be for the amount of the original judgment, without interest or further costs, and that the execution actually issued was void because issued for interest also. Whether the direction in it to collect fifty cents for the two executions was wrong, we do not decide.                                    *Exceptions sustained.*