FRANK A. PERKINS & another *vs.* MARY A. BANGS.

Suffolk.    June 23, 1910. — September 15, 1910.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Writ of error, Appeal, Scire facias for new execution after invalid levy. *Police, District and Municipal Courts.  Supreme Judicial Court.  Scire Facias.  Execution.*

It is the settled practice of this Commonwealth that, when a writ of error is used to review a final judgment, allegations as to errors of fact may be joined with allegations as to errors of law in the assignment of errors.

Statement by BRALEY, J., as to pleadings and practice in proceedings upon writs of error.

Where, in proceedings upon a writ of error to reverse a judgment of a municipal court, the assignment of errors contains allegations as to errors of fact as well as

errors of law, and the defendant demurs specifically to the several assignments as not disclosing any invalidity in the judgment sought to be reversed, all matters of fact well pleaded are admitted by the demurrer and issues of law alone are raised, which, under R. L. c. 156, § 6, can be determined only by the full court, where they are immediately pending, and which therefore it is not within the authority of a single justice of this court either to decide, or even to report or to reserve.

Statement by BRALEY, J., as to the pleadings and practice in scire facias proceedings under R. L. c. 178, § 51, for a new execution after an invalid levy upon land under a former execution.

Scire facias proceedings in a police, district or municipal court under R. L. c. 178, § 51, for a new execution to be issued upon a civil judgment after an invalid levy upon land under a former execution which was issued upon the same judgment, although issued upon an existing record, constitute an action at law in the nature of an original action, and an appeal lies to the Superior Court from a judgment entered therein.

A writ of error to revise a judgment of a police, district or municipal court which was entered in scire facias proceedings for a new execution under R. L. c. 178, § 51, ought not to be entertained where the plaintiff in error did not prosecute an appeal from the judgment to the Superior Court.

WRIT OF ERROR to reverse a judgment of the Municipal Court of the City of Boston issuing a new execution in an action of contract in which on March 2, 1900, the defendant in error recovered judgment against the plaintiffs in error, the defendant in error not being able to hold certain real estate which under a former execution was levied upon as belonging to the plaintiff in error Richardson but standing in the name of one Cora L. Richardson, and the plaintiff in error, in response to a writ of scire facias issued at the request of the defendant in error under the provisions of R. L. c. 178, § 51, having been found after a hearing not to have shown sufficient cause why the new execution should not issue.

The assignment of errors by the plaintiff Perkins was as follows:

"(1) As an error of fact, that it did not appear to the said Mary A. Bangs that the land levied upon could not be held thereby, but, on the contrary, that the said Mary A. Bangs voluntarily abandoned to levy thereon and procured said judgment to be entered against her in said Superior Court on said sixth day of December, 1909, well knowing that she could maintain the writ of entry brought by her, and not desiring to prevail therein, but preferring otherwise to collect the amount of the judgment obtained by her on the second day of March, 1900,

rather than to obtain a judgment for the possession of the land levied upon and sold on execution to her.

" (2) As an error of fact, that by reason of the laches of the said Mary A. Bangs, and the long delay occasioned by the said Mary A. Bangs failing to prosecute her said writ of entry, the situation of the parties has been changed, and your petitioner is now unable to enforce an agreement to save himself harmless from any liability as a copartner entered into between your petitioner and the said Henry Richardson.

" (3) As an error of law, that it still appears of record that the execution under which said land standing in the name of Cora L. Richardson was levied upon and sold was satisfied thereby, no order discharging the return of the execution as satisfied having been made.

" (4) As an error of law, that the delay of the said Mary A. Bangs was so great as to deprive her of the right to maintain the writ of scire facias and to obtain judgment thereon against your petitioner and the said Henry Richardson."

The plaintiff Richardson was admitted as a party to the proceedings after the writ of error issued, and filed the following assignment of errors:

" (1) The original judgment appears of record fully satisfied by levy on the execution issued thereon, without any reversal of said levy or any part thereof.

" (2) No reversal of the levy or any part thereof on the execution issued on the original judgment whereby said judgment was satisfied as appears by the return on said execution was made by the court before entering the judgment complained of as required by statute."

The writ of error issued to the Chief Justice of the Municipal Court of the City of Boston on March 30, 1910. From the return thereon, it appeared that both the plaintiffs in error filed answers in the scire facias proceedings, and that, after a trial, the following decree was made: " This is a scire facias under R. L. c. 178, § 51. Trial was had, all parties being present, and, it appearing that the plaintiff recovered judgment against the said defendants for $661.89 damages, and $13.25, costs of suit, on the second day of March, A. D. 1900, and that execution duly issued thereon on the fifth day of said March, 1900, (and

that upon said execution, certain real estate, standing in the
name of Cora L. Richardson, was duly levied upon and sold on
execution as the property of said Henry Richardson, and a deed
thereof duly executed, to said Mary A. Bangs, May 19, 1900,
said sale being for the amount of said execution and costs, and
that said execution was returned to court as satisfied, yet it now
appears by a judgment rendered by the consideration of our
justices of our Superior Court, holden for and within our said
county of Suffolk, at Boston, December 6, 1909, that the prop-
erty levied upon cannot be held, and therefore execution for said
debt or damage doth yet remain to be made, and the said Mary
A. Bangs having made application to us to provide remedy for
her in that behalf)

"It is ordered, adjudged and decreed, that the plaintiff have
a new execution on said judgment and that judgment be en-
tered therefor." Judgment accordingly was entered on Feb-
ruary 18, 1910.

The plaintiffs in error on February 19, 1910, filed the fol-
lowing document in the office of the clerk of the Municipal
Court of the City of Boston:

"Motion to appeal & extend time.

"And now the Defts come and appeal and move that time to
perfect the same by surety be extended to and include Feb. 24,
1910."

It did not appear that any action was taken by the municipal
court upon the motion, or that the appeal of the plaintiff in
error was perfected.

The defendant in error demurred to the assignment of errors.

The demurrer was heard by *Rugg*, J., who filed the following
memorandum:

"This is a writ of error brought to secure relief against a
judgment on a scire facias in the Municipal Court of the City of
Boston under R. L. c. 178, § 51. The first two assignments of
errors relate to matters of fact, which were in issue upon the
pleadings at the trial in said municipal court upon the scire
facias. Such matters cannot be retried on a writ of error. As
to these assignments of error the demurrer is sustained. As to
the third and fourth assignments of error, and additional assign-

ments of error of the petitioner Richardson numbered 1 and 2, the demurrer raises only questions of law. The case appears, therefore, to be wholly an issue in law under R. L. c. 156, § 6, and hence should be immediately transferred to the full court. If, however, this view is not sound, this memorandum is to be treated as a report of the case for the determination of the full court."

The case was submitted on briefs.

*A. T. Johnson*, for the plaintiff in error Frank A. Perkins.

*H. Dunham & H. Dunham, Jr.*, for the plaintiff in error Henry Richardson.

*R. W. Light & A. W. Blakemore*, for the defendant in error.

BRALEY, J. By Rev. Sts. c. 112, § 15, which was re-enacted without any material change in Gen. Sts. c. 146, § 18, Pub. Sts. c. 187, § 15, and R. L. c. 193, § 2, proceedings upon writs of error, whether relating to the assignment of errors, the pleadings, the judgment, and all other matters not expressly provided for, are to be according to the course of the common law, except as modified by the practice and usage in this Commonwealth. Notwithstanding the rule of the common law was to the contrary, it is settled in our practice, that when a writ of error is used to review a final judgment, errors of fact which render the judgment invalid may be joined in the assignment with errors of law.

The merits of the original action, having been determined by the judgment, are not involved, and the only question presented is, whether the judgment should be reversed or affirmed. *Hathaway* v. *Clark*, 7 Pick. 145. *Raymond* v. *Butterworth*, 139 Mass. 471. *Eliot* v. *McCormick*, 141 Mass. 194. *Johnson* v. *Waterhouse*, 152 Mass. 585. R. L. c. 193, § 4.

When served with the scire facias in which a copy of the assignment of errors must be inserted, the defendant in error may traverse the errors of fact, and by demurrer put in issue errors of law shown on the face of the record. If instead he resorts to the common plea of *in nullo est erratum*, he admits the truth of the assignment of errors of fact so far as they are legally assignable, and that the record is true as to the assignment of errors of law, while denying that either is sufficient to reverse the judgment. *Goodridge* v. *Ross*, 6 Met. 487. *Riley* v.

*Waugh,* 8 Cush. 220, 222. *Bodurtha* v. *Goodrich,* 3 Gray, 508, 512. *Conto* v. *Silvia,* 170 Mass. 152, 154.

The defendant in error, however, neither traversed the facts, nor pleaded that there was no error of law in the record, but under the procedure sanctioned by *Eliot* v. *McCormick,* 141 Mass. 194, demurred specifically to the several assignments as not disclosing any invalidity in the proceedings and because, the exclusive remedy of the plaintiffs in error being by appeal, this court had no jurisdiction to entertain the writ. *Martin* v. *Commonwealth,* 1 Mass. 347. By the demurrer all matters well pleaded were admitted, and issues of law alone were raised, which under R. L. c. 156, § 6, could be heard and determined only by the full court, where they were immediately pending. It was not therefore within the authority of a single justice either to decide, or even to report or reserve them. *Tufts* v. *Newton,* 119 Mass. 476. *Bailey* v. *Edmundson,* 168 Mass. 297. *Conto* v. *Silvia,* 170 Mass. 152.

In the questions presented the primary inquiry is, whether the plaintiffs in error could have appealed from the judgment which they seek to reverse. The defendant in error having recovered judgment in the Municipal Court against the plaintiffs in error, the execution was returned satisfied by a levy and sale under R. L. c. 178, §§ 1, 26, of certain real estate alleged to belong to one of the debtors, although standing in the name of a stranger. But the judgment creditor, who was the purchaser, having failed within one year from the return of the execution to begin suit to recover possession as required by § 47 of this chapter, judgment was ordered for the tenant in the writ of entry which she subsequently brought in the Superior Court. It appearing by the record that the original judgment had been satisfied, she could not maintain an action of contract, but must resort to a writ of scire facias under R. L. c. 178, § 51, to vacate the return of satisfaction, and for the award of a new execution. *Dennis* v. *Arnold,* 12 Met. 449. *Perry* v. *Perry,* 2 Gray, 326. *Wareham Savings Bank* v. *Vaughan,* 133 Mass. 534.

This remedy when first provided by the St. of 1785, c. 6, was discretionary, and granted only on application to the court from which the execution issued, but since the Rev. Sts. c. 73, § 21, the writ is purchased at the clerk's office and issues as of right.

*Kendrick* v. *Wentworth*, 14 Mass. 57. *Wilson* v. *Green*, 19 Pick. 433. *Sigourney* v. *Stockwell*, 4 Met. 518, 521. The necessary recitals and allegations which constitute the declaration are not filled in by the clerk, but by counsel, who, if he indorses the writ, may be held liable for costs where the plaintiff is a non-resident. *Morrill* v. *Lamson*, 138 Mass. 115. R. L. c. 173, § 39. It is made returnable at a regular return day and, after service by copy, is entered upon the docket as an independent suit. The plaintiff must show that the former levy is either partially or wholly invalid, while the defendant in his answer among other defenses may plead in bar a subsequent judgment or a release of the judgment. R. L. c. 178, § 51. *Adams* v. *Savage*, 3 Salk. 321 ; *Musgrave* v. *Wharton*, Yelverton, 218. If the defendant "does not show sufficient cause to the contrary, the levy of the former execution may be set aside and another execution issued for the amount then due on the original judgment and not included in a subsequent judgment, but without interest or further costs." R. L. c. 178, § 51. The pleadings necessarily refer to the former judgment, but the action is instituted for the enforcement of a right wholly distinct from the issues in the original suit. *Haskell* v. *Littlefield*, 155 Mass. 320. *Dickson* v. *Wilkinson*, 3 How. 56, 59. *Treviban* v. *Lawrence*, 2 Ld. Raym. 1036 ; *S. C.* 1048. *Obrian* v. *Ram*, 3 Mod. 186, 189. 8 Bac. Abr. 598, 624. In the former action the litigation has been finally closed, and upon the defendant's default or a decision against him on the merits, the court renders judgment awarding another execution. *Haskell* v. *Littlefield*, 155 Mass. 320.

It is apparent from these fundamental characteristics, that scire facias to revive a judgment although issued upon an existing record, is a suit at law in the nature of an original action. *Sigourney* v. *Stockwell*, 4 Met. 518, 521. *Commonwealth* v. *Stebbins*, 4 Gray, 25, 26. *Ensworth* v. *Davenport*, 9 Conn. 390, 392. *White* v. *Washington School District*, 45 Conn. 59, 60. *Potter* v. *Titcomb*, 13 Maine, 36. *Greenway* v. *Dare*, 1 Halst. Ch. 305. *Gonnigal* v. *Smith*, 6 Johns. 106. *Kirkland* v. *Krebs*, 34 Md. 93. *Humiston* v. *Smith*, 21 Cal. 129. *Bryant* v. *Smith*, 7 Cold. (Tenn.) 113. *Winder* v. *Caldwell*, 14 How. 434. *Owens* v. *Henry*, 161 U. S. 642. *Grey* v. *Jones*, 2 Wils. 251. *Fenner* v. *Evans*, 1 T. R. 267. *Farrell* v. *Gleeson*, 11 Cl. & F. 702.

Co. Litt. 290, b.  8 Bac. Abr. 598, 624.   Tidd's Pr. (4th Am. ed.) 1046.   2 Sellon's Pr. (1st Am. ed.) 188.   Nor is the decision in *Gray* v. *Thrasher*, 104 Mass. 373, on which the plaintiffs place much reliance, in conflict with this view.   It was there held under St. 1862, c. 217, § 4, authorizing the removal before judgment in the police court of Boston of any civil action wherein the debt or damages demanded exceeded a certain amount to the Superior Court, that scire facias to charge a trustee could not be removed. The statute, which was repealed by Pub. Sts. c. 224, evidently referred as the opinion indicates only to actions of contract, tort or replevin enumerated in Gen. Sts. c. 120, §§ 1 and 2, in which the appellate court could enter judgment and issue execution upon the record before it.   Gen. Sts. c. 116, § 41.   St. 1866, c. 279, § 9.   *Cooper* v. *Skinner*, 124 Mass. 183.   *Dion* v. *Powers*, 128 Mass. 192, 193.

By R. L. c. 173, § 97, an appeal may be taken from the final judgment of a police, district or municipal court by the party aggrieved to the Superior Court.   The plaintiffs in error contend, that the statute is inapplicable as the record of the original judgment upon which the execution must issue cannot be transmitted.   But this is not necessary.   The appeal transmits only the subject matter of the suit, and the question is, whether, upon the pleadings and the evidence which may be offered, the plaintiff is entitled to specific relief.   *Jarvis* v. *Mitchell*, 99 Mass. 530, 532.   When this has been decided, the appellate court causes an attested copy of its order, which is treated as a judgment, to be sent to the court below, where, if the plaintiff prevails, execution issues upon the record.   *Yetten* v. *Conroy*, 165 Mass. 238, 239. *Parke* v. *Murdock*, 177 Mass. 453, 454.   We are not unmindful, that in scire facias against a trustee in foreign attachment the execution, if an appeal is taken, issues from the court above. The process, however, is regulated by the provisions of the statute, under which the scire facias forms with the original suit but one connected continuous proceeding.   The appeal consequently transfers the entire record, although the only question raised is, whether the trustee shall satisfy from his own property the amount remaining unsatisfied on the judgment against the principal defendant.   R. L. c. 189, §§ 45–49.   *Thompson* v. *Lowell Machine Shop*, 4 Cush. 431.   *Thayer* v. *Tyler*, 10 Gray,

164, 169. *Pratt* v. *Cunliff*, 9 Allen, 90. *Thompson* v. *King*, 173 Mass. 439. Our construction of the statute as intended to permit an appeal, even if the record upon which the proceeding is based, not having been put in issue, cannot be transmitted, is in accordance with the cases of *Yetten* v. *Conroy*, 165 Mass. 238, and *Clarke* v. *Bacall*, 171 Mass. 292, where it was determined, that the denial of a petition to vacate judgment could be reviewed on appeal.

It becomes unnecessary to consider the remaining grounds of demurrer, for it was early held, that if there was a right of appeal in a civil action of which the party aggrieved might have availed himself, a writ of error ought not to be entertained. The remedy by appeal is deemed to be exclusive, rather than merely cumulative. *Savage* v. *Gulliver*, 4 Mass. 171, 178. *Champion* v. *Brooks*, 9 Mass. 228. *Gay* v. *Richardson*, 18 Pick. 417. *Monk* v. *Guild*, 3 Met. 372. *Ellis* v. *Bullard*, 11 Cush. 496, 498. Compare *Day* v. *Laflin*, 6 Met. 280, 284; *Peck* v. *Hapgood*, 10 Met. 172, 175. The plaintiffs in error not only had the opportunity to appeal, but appear to have appealed from the judgment ordering a new execution. If the appeal had been prosecuted, all the questions raised in the assignment of errors so far as material could have been tried in the Superior Court, whose rulings of law, if adverse, might have been reviewed by this court. The remedy thus provided, and to which they at first resorted, having been ample for their protection, the writ of error must be dismissed.

*So ordered.*