JOSEPH HABIB *vs.* CHARLES M. EVANS.

Middlesex.      November 11, 1915. — January 31, 1916.

Present: RUGG. C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Judgment. Execution. Scire Facias.*

Where a plaintiff brought two actions successively against the same defendant, the declaration in the first action containing four counts and that in the second action containing five counts, where the four counts after the first count in the declaration in the second action were identical with the four counts in the declaration in the first action, and where the plaintiff obtained judgment in his first action on all the four counts in the declaration in that action, it was *held* that this judgment was a bar to a recovery in the second action on all the counts in the declaration except the first count, which was the only one not included in the first action, and that a judgment for the plaintiff afterwards entered in the second action only could have been rendered on such first count.

A judgment in an action and an execution thereon levied on land alleged to belong to the defendant but standing in the name of a third person, are not conclusive in proceedings upon a petition by such third person to register his title to the land, and the petitioner is free to attack the validity of such judgment and execution.

R. L. c. 178, § 51, provides that, "If, after the return of such execution, it appears to the creditor that the land levied on, or any part thereof, cannot be held thereby, he may take out from the court from which the execution issued a writ of *scire facias* requiring the debtor to appear and show cause why another execution should not be issued on the same judgment, and the writ may issue although there is a subsequent judgment for a part thereof not satisfied by the

levy. If the debtor, after being duly summoned, does not show sufficient cause to the contrary, the levy of the former execution may be set aside and another execution issued for the amount then due on the original judgment and not included in a subsequent judgment, but without interest or further costs." *Held*, that this statute does not prevent a judgment creditor from maintaining an action on a judgment for the balance due where his execution was returned satisfied only in part, although his levy upon real estate was ineffectual for the reason that the property was not owned by the judgment debtor; it being necessary to resort to the remedy by *scire facias* only for the purpose of setting aside such previous levy. The creditor has the right independently of the statute to recover the balance due upon the judgment, assuming the previous levy to have been valid.

CROSBY, J. This is a petition brought in the Land Court for the registration of the title of certain land situated in Dracut in the county of Middlesex. The case comes before this court upon the respondent's exceptions.

The record shows the following facts: On November 22, 1910, the present respondent brought an action in the Superior Court for the County of Essex against one David Joseph, and thereafter judgment upon a default was entered for the plaintiff (the present respondent). An execution was issued upon the judgment on February 14, 1911, for $565 debt or damages and $20.10 as costs. Upon this execution a levy was made upon the land described in the petition for registration (then standing in the name of the petitioner), and the land was sold on April 15, 1911, to the present respondent for the sum of $50. The execution was returned satisfied to the extent of $25.60 and a sheriff's deed was executed and delivered to the present respondent.

The present respondent, being the judgment creditor who was the purchaser, did not within one year from the return of the execution begin an action to recover possession of the property as required by R. L. c. 178, § 47, and he makes no claim of title under the deed to him upon this execution sale. In that action the plaintiff (the present respondent) contended that the record title to the locus fraudulently stood in the name of the present petitioner but that in fact it was owned by Joseph.

On October 9, 1912, the present respondent brought a second action against David Joseph in the Lawrence Police Court, and on May 29, 1913, judgment was entered for the plaintiff upon a default for the sum of $752.50 debt or damages and $19.29 costs. Execution was issued on this judgment on June 7, 1913, and the

execution was returned into court satisfied to the extent of $15.20.

On December 29, 1913, an *alias* execution was issued for $756.59 and by virtue of this execution this respondent levied upon all the right, title and interest which David Joseph had in the land described in the petition, the record title to which the respondent alleged fraudulently stood in the name of the petitioner.

On March 14, 1914, the land so levied upon was sold on the execution and was purchased by the present respondent for $350, and the execution was returned into court satisfied to the extent of $306.75.

The exceptions recite that the case was submitted to the Land Court upon the foregoing facts and documentary evidence which included all the material evidence.

As no trial by jury was claimed, the findings of the Land Court upon all questions of fact are final. R. L. c. 128, § 13, as amended by St. 1910, c. 560, § 1.

The judge of the Land Court * having made certain findings of fact and ordered a decree for the petitioner, the respondent has alleged certain exceptions to such findings and order.

1. The finding, that the judgment rendered in the second case was on the first count of the declaration, was a finding of fact, and we think was warranted by the evidence. This count seeks to recover the balance due on the judgment rendered in the first case.

An examination of the declarations in these cases shows that counts 2, 3, 4 and 5 in the second action are identical with counts 1, 2, 3 and 4 in the first action upon which judgment was entered for the plaintiff. That judgment merged the claims set forth in the first action and so was a bar to counts 2, 3, 4 and 5 in the second action.

We think that the evidence was ample to warrant the finding that the judgment rendered in the second action was upon the first count of the declaration.† This finding makes it clear that

---

* *Corbett*, J.

† The first count in the second action was as follows: "And the plaintiff says that by consideration of the justices of the Superior Court holden at Salem within and for said county of Essex, on the first Monday of Janu-

the plaintiff could not have recovered under counts 2, 3, 4 or 5 in the second action.*

The contention of the respondent that the judgment rendered in the second action is binding upon the petitioner herein and that its validity cannot be attacked in this proceeding cannot be sustained. It is elementary law that a judgment is conclusive only upon those who are either parties or privies to it, but as to one who is a stranger it may be avoided upon proper proof if his rights are affected or impaired thereby. *Downs* v. *Fuller*, 2 Met. 135. *Inman* v. *Mead*, 97 Mass. 310. *Tarbell* v. *Jewett*, 129 Mass. 457. *Brigham* v. *Fayerweather*, 140 Mass. 411.

2. The respondent's second exception "To the finding of the court that Section 51 of Chapter 178 of the Revised Laws applies in this case, and that the respondent should have proceeded thereunder" is in effect an exception to a ruling of law. Its correctness depends upon the proper construction of that section of the statute. The history of the statute clearly shows that its purpose is remedial. In *Perry* v. *Perry*, 2 Gray, 326, 328, it is said: "And our Colonial Legislature, in 1674, after a preamble,

---

ary, A.D. 1911, to wit, on the second day of January, A.D. 1911, he recovered judgment against the defendant for the sum of five hundred and sixty-five dollars ($565.00) debt or damage, and twenty dollars and ten cents ($20.10) costs of suit; whereas, in truth and effect said judgment should have been for the sum of six hundred eighty-five dollars ($685.00) debt or damage, and twenty dollars and ten cents ($20.10) costs of suit; that thereafter, to wit, on the sixth day of February, A.D. 1911, execution issued out of said court, said sums amounting together to the sum of $585.10, whereas, in truth and effect said execution should have been for the amount of $705.10, and said execution has been returned to said Superior Court satisfied to the extent of $25.60, as is shown by the return thereon made, all of which duly appears of record in said Superior Court. Wherefore the defendant owes the plaintiff the sum of $679.50, and interest."

* The second count in the second action, which was the first count in the first action, was on a promissory note for $500.

The third count in the second action, which was the second count in the first action, was on an agreement in writing for $500.

The fourth count in the second action, which was the third count in the first action, was for $500 lent by the plaintiff to the defendant.

The fifth count in the second action, which was the fourth count in the first action, was for $500 alleged to have been found to be due as a balance upon an accounting together by the parties.

in which it was declared that judgments had been 'made frustrate' by difficulties in the levying of executions, enacted that when it should appear, after the return of an execution, that it had been levied upon lands, houses or goods, which were not the property of the judgment debtor, the court should order a new execution for the satisfying of the judgment. Anc. Chart. 142, 143. More than a hundred years after, it was first provided by St. 1785, c. 6, that when executions should appear to have been levied on real estate which did not belong to the judgment debtor, the court might order a writ of *scire facias* to issue against him, upon the application of the creditor, and thereupon order an *alias* execution."

It was held that, notwithstanding this statute, an action of debt on the judgment would lie, and that such action and *scire facias* were concurrent remedies, but this afterwards was changed by Rev. Sts. c. 73, §§ 20, 21, which re-enacted St. 1785, c. 6, with certain changes. The reason for the necessity of this legislation is apparent when we consider that, if an execution was levied upon real estate and returned satisfied and it afterwards appeared that the estate levied upon was not the property of the judgment debtor or not liable to be seized on execution and could not be held thereby, the judgment creditor had no remedy at common law. *Perry* v. *Perry*, 2 Gray, 326. *Dewing* v. *Durant*, 10 Gray, 29. *Arnold* v. *Roraback*, 8 Allen, 429.

A similar remedy was provided in England by St. 32 Hen. VIII, c. 5. At common law the judgment creditor could not sue on the judgment because as it had been satisfied of record such record would be a bar to the action brought thereon. *Perkins* v. *Bangs*, 206 Mass. 408, 413.

Where an execution has been returned as satisfied after a levy upon real estate which was not the property of the judgment debtor or liable to be seized on execution, it is settled that the creditor cannot maintain an action upon the judgment, but that his exclusive remedy is by *scire facias* in all cases where the statute applies. *Dennis* v. *Arnold*, 12 Met. 449. *Perry* v. *Perry*, 2 Gray, 326. *Slater* v. *Lamb*, 150 Mass. 239.

The provisions of Rev. Sts. c. 73, §§ 20, 21, remained without change until the General Statutes were enacted in 1860 wherein they appear with certain amendments. Gen. Sts. c. 103, §§ 21, 22.

In § 22, after providing that the judgment creditor might take out a writ of *scire facias,* the following words were added: "though there is a subsequent judgment for a part thereof not satisfied by the levy." The same section also was amended near the end, after provision is made for setting aside the levy and another execution is issued on *scire facias* for the amount due on the judgment, by adding the following, "and not included in a subsequent judgment." Compare Rev. Sts. c. 73, §§ 20, 21, with Gen. Sts. c. 103, §§ 21, 22. These sections of Gen. Sts. c. 103, §§ 21, 22, have remained without material change. Pub. Sts. c. 172, §§ 52, 53. R. L. c. 178, §§ 50, 51.

The respondent contends that R. L. c. 178, § 51, does not apply to this case but only to cases where the execution has been returned satisfied in full. In all the cases arising under the statute that have been considered by this court, so far as we are aware, the execution was returned satisfied in full. *Dennis* v. *Sayles,* 11 Met. 233, 237. *Dennis* v. *Arnold,* 12 Met. 449. *Perry* v. *Perry,* 2 Gray, 326. *Wareham Savings Bank* v. *Vaughan,* 133 Mass. 534. *Plimpton* v. *Goodell,* 143 Mass. 365. *Slater* v. *Lamb,* 150 Mass. 239. *Haskell* v. *Littlefield,* 155 Mass. 320.. *Perkins* v. *Bangs,* 206 Mass. 408.

We think the statute * does not prevent a judgment creditor from maintaining an action upon a judgment for the balance due where the execution was returned satisfied in part, although an ineffectual levy has been made upon real estate, for the reason that the property was not owned by the judgment debtor. As the execution which issued on the judgment in favor of this respondent in the first action was returned satisfied in part only, it was valid as to the balance. The finding of the Land Court

---

* R. L. c. 178, § 51, is as follows: "If, after the return of such execution, it appears to the creditor that the land levied on, or any part thereof, cannot be held thereby, he may take out from the court from which the execution issued a writ of *scire facias* requiring the debtor to appear and show cause why another execution should not be issued on the same judgment, and the writ may issue although there is a subsequent judgment for a part thereof not satisfied by the levy. If the debtor, after being duly summoned, does not show sufficient cause to the contrary, the levy of the former execution may be set aside and another execution issued for the amount then due on the original judgment and not included in a subsequent judgment, but without interest or further costs."

shows that the second action was brought to recover the balance due upon the first judgment. If the execution in the first action had been returned fully satisfied, then the judgment creditor would have been bound to resort to his remedy by *scire facias* to obtain another execution, because, for the reasons stated, that was the exclusive remedy.

The plaintiff in the second action at law is not seeking to recover the amount which he credited upon the execution returned in the first case, but only to recover the balance due upon the original judgment. If he desires to obtain another execution because the real estate which was levied upon and sold on the execution in the first action was not the property of the debtor, he must proceed under the statute.

The amendment to the statute, which first appeared in Gen. Sts. c. 103, § 22, and which provides that "the writ may be sued out though there is a subsequent judgment for a part thereof not satisfied by the levy," makes it plain that the Legislature assumed that an action might be brought upon the original judgment where it was only partially satisfied by the levy, and that if such action had been brought and a subsequent judgment obtained for so much of the original judgment as was not satisfied by the levy, the judgment creditor was not thereby to be precluded from obtaining another execution by *scire facias*. It would seem that the purpose of the amendment was to make clear that the judgment creditor does not lose his rights under the statute if he obtains a subsequent judgment for that part of the original judgment not satisfied by the levy.

We are of opinion that the judge of the Land Court was in error in ruling that R. L. c. 178, § 51, applies, and that the judgment and the levy under the judgment in the second case are void. It follows that the exceptions must be sustained and the case remanded to the Land Court for further proceedings.

*So ordered.*

*A. N. Frost,* for the respondent.
*E. McAnally,* for the petitioner.