UNIVERSAL OPTICAL CORPORATION vs. GLOBE OPTICAL COMPANY.

COLUMBIA ELECTRICAL ENGINEERING COMPANY vs. SAME.

BOSTON OPTICAL COMPANY vs. SAME.

HARWOOD BROTHERS vs. SAME.

Suffolk.    March 29, 30, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Scire Facias.    Trustee Process.    Municipal Court of the City of Boston.*

A writ of scire facias issued under R. L. c. 189, §§ 45–49, to enforce a judgment charging the defendant as trustee in an action brought by trustee process, is not an independent civil action but is a judicial writ to enforce a judgment and is a part of the proceedings in the original action.

Where in an action brought by trustee process in the Municipal Court of the City of Boston a person summoned as trustee has been charged as such trustee, and on a report of the case at the request of such trustee to the Appellate Division the judgment is affirmed, and no appeal to the Supreme Judicial Court of the Commonwealth under St. 1912, c. 649, § 9, as amended by St. 1914, c. 35, § 4, is taken by the trustee, in a writ of scire facias brought by the original plaintiff against the trustee to enforce the judgment against him as such trustee, the trustee has no right of appeal to the Superior Court from a judgment against him upon the scire facias.

FOUR WRITS OF SCIRE FACIAS in the Municipal Court of the City of Boston dated June 17, 1915, against the Globe Optical Company, a corporation, which had been charged as trustee in four actions brought by trustee process against the New England Wholesale Opticians, Incorporated, a corporation, as the principal defendant.

In each of the cases judgment was entered against the Globe Optical Company for the amount claimed with interest and costs. In each case the Globe Optical Company appealed to the Superior Court.

In the Superior Court the four cases were heard together by *Dubuque,* J., without a jury. At the beginning of the trial the plaintiffs moved that the cases be dismissed for want of jurisdiction. The judge admitted evidence *de bene,* by which it appeared that in each of the four original actions brought in the Municipal Court of the City of Boston by trustee process, in which the Globe Optical Company was summoned as trustee, there was a report to the Appellate Division at the request of the alleged trustee,

that in each case the Appellate Division ordered that the Globe Optical Company be charged as trustee and that in none of the cases was there any appeal to the Supreme Judicial Court for the Commonwealth under St. 1912, c. 649, § 9, as amended by St. 1914, c. 35, § 4.

The judge ordered that in each case the appeal be dismissed for want of jurisdiction and that the papers in the case be remanded to the Municipal Court of the City of Boston, and reported the cases for determination by this court. If the ruling of the judge was right, the order was to stand and the cases were to be remanded to the Municipal Court of the City of Boston. If the ruling was wrong, there was to be a new trial.

*R. H. Montgomery,* for the plaintiffs.

*F. D. Fuller,* for the defendant.

BRALEY, J.   It has been decided repeatedly that the original action by trustee process and the writ of scire facias provided by R. L. c. 189, §§ 45-49, where the trustee upon demand does not pay over to the officer goods, effects or credits sufficient to satisfy the execution which is to be sued out from the court where judgment was rendered, and the execution is not satisfied otherwise, "are part of one continued and connected course of proceedings," and that "the examination of the trustee" in the scire facias "is to be in the same manner and with the same effect" as in the original action. It is plain that no provision is made for a jury trial, as the answers of the trustee to interrogatories propounded to the trustee in scire facias are to be considered as true and conclusive, although either party may allege and prove facts not stated or denied by the trustee, which may be material in determining how far the trustee is chargeable. *Bickford* v. *Boston & Lowell Railroad,* 21 Pick. 109, 113.   *Fay* v. *Sears,* 111 Mass. 154.   *Phillips* v. *Meagher,* 166 Mass. 152.   *Koontz* v. *Baltimore & Ohio Railroad,* 220 Mass. 285.

When thus used the scire facias is in no sense an independent civil action, but is a judicial writ to enforce a judgment charging the trustee either upon his answer admitting goods, effects or credits, or after he had been defaulted. *M'Gee* v. *Barber,* 14 Pick. 212, 215.   *Gray* v. *Thrasher,* 104 Mass. 373, 375.   *Perkins* v. *Bangs,* 206 Mass. 408, 415.

It follows that, the original actions not having been removed

from the Municipal Court to the Superior Court in accordance with the St. of 1912, c. 649, §§ 2, 3, as amended by St. 1914, c. 35, § 2, and St. 1914, c. 409, and the question whether the trustee was chargeable having been taken by him to the Appellate Division, who ordered that the trustee be charged, and no appeal from this order having been taken to this court under St. of 1912, c. 649, § 9, as amended by St. 1914, c. 35, § 4, the ruling that the Superior Court was without jurisdiction to entertain the appeals was correct. *Perkins* v. *Bangs,* 206 Mass. 408, 416.

The order dismissing the appeals and directing that the papers be transmitted to the Municipal Court of the City of Boston is to stand. *Dion* v. *Powers,* 128 Mass. 192.

*So ordered.*