Forte, J.
Banks, J.
Tiffany, J.

</div>

## PROGRESSIVE WORKMEN'S CREDIT UNION
### vs.
### Colby D. WELCH

### No. 8671

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**January 20, 1981**

Jordan L. Shapiro for the plaintiff.
Joel S. Rubin for the defendant.

Present: Cowdrey, P.J., Tiffany, J., and Jodrey, J.

## OPINION

**JODREY, J.** This is an appeal from the denial of a motion for a new execution sought by the plaintiff under G.L. c. 236, sec. 51.

The plaintiff is a creditor who obtained judgment and execution against the defendant in an action of contract, and later, through a representative, bought for the sum of $2,000 land levied on at a sheriff's sale held pursuant to the execution in the contract action.

The sheriff's deed effectively conveyed to the plaintiff's representative all right, title, and interest of the judgment debtor in said land, subject to the statutory right of the debtor to redeem within a year of the sale. G.L. c. 236, sec. 33.

The estate so purchased was subject to a prior mortgage of record which was subsequently foreclosed by the holder thereof. There were no surplus proceeds resulting from the foreclosure sale, and plaintiff's interest in the land was terminated by the foreclosure and was thereafter of no value.

Subsequently, plaintiff sought to reassert rights as judgment creditor and moved for the issuance of a new execution under said sec. 51.

The judge who heard the motion denied it

"on grounds that the record does not disclose nor does the plaintiff allege any invalidity in the proceedings previously instituted by it as an execution creditor securing the sale to it of property belonging to the defendant, who was the execution debtor."

His ruling, in our opinion, was correct although we feel that the proper basis for such denial is that relief under the statute is simply not available to the plaintiff under the circumstances of this case.

A reading of G.L. c. 236, secs. 50 and 51, indicates a statutory scheme providing relief in cases where there is a defect or error in the proceedings which would defeat the levy or prevent the land levied on from being held thereunder, and covers situations which come to light both before and after a completed levy. The remedy is appropriate, for example, where it turns out that the land levied on is not the property of the judgment debtor or is not liable to be seized on execution. **Dennis v. Arnold,** 12 Metcalf 449 (1847); **Haskell v. Littlefield,** 155 Mass. 320 (1892).

The purchaser at a sheriff's sale obtains only the right, title, and interest of the judgment debtor. Not only is such purchase subject to a right of redemption, as provided by statute, but it is also subject to real estate taxes, betterments, and any outstanding prior mortgages or other valid liens of record. If the purchaser desires to preserve the benefit of his purchase, he must see to it that such taxes, betterments, and mortgage payments are paid when due. The purchaser may not remain aloof, take no action with respect to these obligations, and then complain because he loses the benefit of his purchase.

In the instant case, the plaintiff could have prevented the foreclosure by keeping up the mortgage payments, or he might have bid in at the foreclosure sale in order to protect his interest. Section 51 is not applicable to the plaintiff's situation and consequently is not an available remedy under the facts of this case.

There being no error in the judge's ruling, the report is dismissed.

So ordered.

Cowdrey, P.J., Jodrey, J.
Tiffany, J.