JAMES M. McLAUGHLIN *vs.* BARNET LEVENBAUM.

Suffolk.    December 3, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Small Claims,* Multiplicity of actions, Affidavit of defence, Trial of claims together. *Equity Jurisdiction,* To avoid malicious multiplication of small claims actions, Adequate remedy at law. *Practice, Civil,* Small claims procedure. *Abuse of Process.*

The making and filing of the claim of a trial by jury and the affidavit described in G. L. c. 218, § 23, are essential prerequisites to a right of removal of cases from the small claims court to the Superior Court; and the filing of an unsworn statement or of an unsigned statement is not a compliance with such statute: if the papers in cases entered in the small claims court are removed to the office of the clerk of the Superior Court without compliance with such statutory requirements, the cases are not removed but are still pending in the lower court. .

It is within the discretion of the Superior Court to dismiss a bill in equity, brought to enjoin a defendant from further prosecuting, until one of them can be adjudicated, fourteen claims filed as small claims suits under G. L. c. 218, §§ 21–25, inclusive, for alleged weekly breaches by the plaintiff of an agreement, contained in a lease from the defendant to the plaintiff, wherein the plaintiff agreed to furnish heat to be paid for in certain proportions by the parties, it not appearing that an adjudicating of one of the claims in favor of either party would settle the issue as to the other claims.

In the suit above described, it was proper for the judge of the Superior Court to deny a prayer of the bill that the claims be consolidated for trial where it appeared that none of them was pending in the Superior Court, but that all were still pending in a municipal court and that the plaintiff, under the statute, could apply in that court for such consolidation and trial.

There is no jurisdiction in equity of a suit to enjoin the prosecution of a large number of small claims under the small claims statute, G. L. c. 218, §§ 21–25, on the ground that such prosecution constitutes an abuse of process, adequate relief at law being afforded for such a tort.

Under a prayer for general relief in the suit above described, the plaintiff is not entitled to a decree enjoining the defendant from prosecuting any more of the small claims, at least until one of those brought had been tried and the question of the plaintiff's liability determined, the small claims statute, G. L. c. 218, §§ 21–25, affording sufficient means of protection against abuse in ordinary cases.

BILL IN EQUITY, filed in the Superior Court on March 2, 1922, seeking (1) that the defendant, pending final decree,

be enjoined from prosecuting further any of fourteen small claims suits originally brought in the Municipal Court of the Dorchester District of the City of Boston, nine of which were alleged then to be pending in the Superior Court, and from prosecuting any further suits until the liability of the plaintiff had been determined in one of the appealed cases or until further order of the court; (2) that the court make such order for the disposition of the said cases, "by consolidation of them for the purpose of trial, or otherwise, as justice and equity may require;" (3) that the damages caused to the plaintiff by said suits, including his counsel fees incurred, might be determined, and that the defendant might be directed to pay the same, and that execution issue therefor; and (4) for such further relief in the premises as justice and equity might require.

The suit was referred to a master. Findings by the master are described in the opinion. The defendant filed objections and exceptions to the master's report based on a contention that the nine cases alleged to be pending in the Superior Court were not properly there for the reason that the court had no jurisdiction, due to the fact that G. L. c. 218, § 23, was not complied with by the filing of proper affidavits.

In the Superior Court, the suit was heard upon the pleadings and the master's report by *Morton*, J., who ruled that, owing to failure to comply with G. L. c. 218, § 23, the removals of the nine claims from the Municipal Court to the Superior Court were ineffective and that, consequently, the Superior Court had no jurisdiction of the cases. By order of the trial judge, an interlocutory decree was entered confirming the master's report and sustaining the defendant's objection; and, by order of *Wait*, J., a final decree was entered that the bill be dismissed "and that the cases which were the subject matter of the bill . . . be forthwith remanded to the Municipal Court of the Dorchester District" and that the plaintiff pay the defendant costs in the sum of $41.09. The plaintiff appealed from both decrees.

The case was submitted on briefs.

*E. A. McLaughlin, Jr.*, for the plaintiff.

*W. F. Merritt & N. T. Merritt, Jr.*, for the defendant.

CROSBY, J.   This suit in equity is brought specifically to enjoin the further prosecution of fourteen small claims suits, brought originally by the defendant in this suit against this plaintiff, in the Municipal Court of the Dorchester District of the City of Boston; and to have the cases disposed of by consolidation or otherwise; and for damages caused by the bringing of a multiplicity of actions.   The bill contains a prayer for general relief.   The case was referred to a master; it is before this court upon appeal by the plaintiff from an interlocutory decree confirming the master's report and sustaining the defendant's exceptions, and from a final decree dismissing the bill with costs.   The final decree ordered remanded to the Municipal Court of the Dorchester District the nine cases which had been transferred from that court to the Superior Court.

The record shows that, by a written instrument dated March 10, 1921, the defendant leased to the plaintiff certain premises which adjoined those occupied by the defendant. A heater for both apartments was located in the cellar of the leased premises.   The lease provided that the " lessee herein agrees to heat the premises leased and the adjoining . premises numbered 1,536 Dorchester Avenue, and the lessor herein agrees to pay to the lessee two-fifths of the cost of fuel for such heating."   The lease was for a term of two years from March 15, 1921, at a rental of $70 a month, payable in advance.

The master found that disputes about the heating began in November, 1921; that on December 17, 1921, the defendant filed a claim against the plaintiff in the Municipal Court of the Dorchester District for $35, under the small claims procedure, G. L. c. 218, § 21, relying upon a breach of the covenant to heat; that on December 24, 1921, a similar claim was filed by the defendant against the plaintiff and the guarantors of the lease; that these cases were tried and the lessor had judgment upon the first claim and was defeated upon the second; that the judgment was satisfied March 27, 1922.   He further found that on January 25, 1922, the defendant filed six similar claims against the plaintiff in the same court, relying respectively upon the

failure to supply heat during the week of December 8 to 14, 1921, inclusive, and in the five succeeding weeks to January 18, 1922, inclusive; that on February 10, 1922, he filed three more similar claims relating to the three weeks next succeeding January 18, 1922; that on February 25, 1922, claims were filed by the defendant in the same manner, covering the preceding two weeks. The first nine cases were transferred to the Superior Court. These transfers followed in each case a claim by the present plaintiff for trial by jury accompanied by payment of the proper fee, and by an unsworn " statement of defence," as it is called in the master's report.

January 20, 1922, the defendant brought an action against the plaintiff in the Municipal Court of the City of Boston to recover rent due and unpaid on the previous January 15. An attachment of personal property thereunder was dissolved by the plaintiff paying $70 and $9.60 costs " under protest." The writ was not entered; the officer's return shows " satisfaction of the suit by the defendant." February 24, 1922, the defendant brought another action against the plaintiff in the same court returnable March 4, 1922. These two actions are not referred to in the present bill; the facts as to the first, brought on January 20, show error in the plaintiff's bill in alleging that the attachment and subsequent settlement were proceedings brought in the Municipal Court of the Dorchester District under G. L. c. 218, § 21. After the various actions were brought, the plaintiff brought this bill in the Superior Court.

In addition to the foregoing facts found by the master, he states: " I do not find that the suits or claims were brought in a spirit of malice or ill will toward this plaintiff except as the same may be inferred from the method of filing the claims, the number of them and from the facts found herein. . . . I find that the bringing of several small claims for similar alleged breaches of contract under the small claims procedure, instead of one suit, where all said causes of action have accrued at the time of filing, is unnecessarily annoying to the defendant named therein, is contrary to the intention of the framers of such small claims proce-

dure, as stated in the report of the Judicature Commission, is more expensive to both parties than one suit, and serves no useful purpose. . . . If the court rules that the plaintiff is entitled to equitable relief and to damages, I find said damages amount to $200."

G. L. c. 218, § 23, provides that a plaintiff who begins a case under the statute is deemed to waive all rights of appeal, report, or trial by jury, except that a trial by jury may be claimed, if some other party removes the suit to the Superior Court. It then provides: " No other party to a cause under the procedure shall be entitled to an appeal or report. In lieu thereof, any such party may, prior to the day upon which he is notified to appear, file in the court where the cause is pending a claim of trial by jury, and his affidavit that there are questions of fact in the cause requiring trial, with specifications thereof, and that such trial is intended in good faith, together with the sum of three dollars for the entry of the cause in the Superior Court; and thereupon the clerk shall forthwith transmit such original papers or attested copies thereof as the rules for the procedure may provide, and the Superior Court may try the cause as transmitted or may require pleadings as in a cause begun by writ, but the cause may be marked for trial on the list of causes advanced for speedy trial by jury." The unsworn statements of the plaintiff in the present case, which may not have been accurately designated as " statement[s] of defence " by the master, were not affidavits within the obvious meaning of that term, which requires an oath, *Hadley* v. *Watson*, 143 Mass. 27, 28; and upon reading § 23 as a whole, it is manifest that the making and filing of such affidavits were conditions precedent to the exercise by the clerk of the power to " thereupon " transmit the papers to the Superior Court. The word " may " is apt to indicate the election which the defendant has to allow such a claim to go to trial under the procedure, or to set properly in motion the machinery for transferring the cause to the Superior Court. As no affidavits were filed as required by statute, the Municipal Court had no authority to permit the removal of the nine cases to the Superior Court, and they, therefore, never were removed, but are still

pending in the lower court. *Dion* v. *Powers*, 128 Mass. 192. *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84.

The plaintiff prayed for a decree staying the prosecution of the several cases until the liability of the defendant upon one of them should be determined. See *Lumiansky* v. *Tessier*, 213 Mass. 182, 188. If the court could make such a decree, it could decline to do so, in its discretion, if each of the several claims involved the determination of a separate question of fact, namely, whether there was a breach of the contract to heat in a particular week in question. It does not appear that an adjudication of one of the claims in favor of either party would settle the issues of the other claims. As to the plaintiff's prayer that the actions be consolidated for trial, it appears that no one of them was pending in the Superior Court, but all were before the Municipal Court of the Dorchester District for determination, where the plaintiff could apply for such consolidation and trial.

It is also contended by the plaintiff that the bringing of so many suits constitutes an abuse of process for which he is entitled to damages, and an injunction against the continuance of such abuse. If such contention is correct, there is no need for equitable relief, as the plaintiff has an adequate remedy in the court where the cases are pending. If he is entitled to damages they are recoverable in an action at law. As a general rule separate breaches of a continuing contract can be made the subject of separate successive actions. *Badger* v. *Titcomb*, 15 Pick. 409. *Fay* v. *Guynon*, 131 Mass. 31, 36. What the effect may be upon the defendant's right — he having several times split up past breaches of the contract to heat — need not be considered. See Williston, Contracts, § 1292. *Cummington* v. *Wareham*, 9 Cush. 585, 590. *Warner* v. *Bacon*, 8 Gray, 397, 404.

The contention of the plaintiff that under his prayer for general relief he is entitled to a decree enjoining the defendant from bringing any further suits and from prosecuting those pending, at least until one of them has been tried and the question of his liability determined, cannot be sustained. The small claims procedure statute, G. L. c. 218, §§ 21–25 inclusive, was intended by the Legislature to provide a simple, prompt, and informal means, at small expense, for

adjudication of claims where the debt or damage claimed. does not exceed $35.  The statute and the rules of practice afford sufficient means of protection against abuse in ordinary cases.  The Municipal Court of the Dorchester District in its discretion can require trial together of as many of these claims as might be pending together at any one time.  *Witherlee* v. *Ocean Ins. Co.* 24 Pick. 67.  *Lumiansky* v. *Tessier, supra.*  *Bradford* v. *Boston & Maine Railroad,* 225 Mass. 129, 132.  If several claims pending at one time can be the subject of a single suit, the court has power to order them consolidated.  *Lumiansky* v. *Tessier, supra.* To the objection that such a consolidation would increase the amount of the claim beyond $35 and that thereby the court would be deprived of jurisdiction, the answer is that the court has discretionary power to " transfer a cause begun under the procedure to the regular civil docket for formal hearing and determination as though it had been begun by writ, and may impose terms upon such transfer." G. L. c. 218, § 24.  Under this provision the plaintiff in the present case may obtain the benefit of the provision relating to costs, where causes of action are unnecessarily made the subject of separate suits.  G. L. c. 261, §§ 7, 8.  For these reasons it does not appear that ground for relief in equity is shown.

None of the cases cited by the plaintiff goes to the extent of granting the relief which he seeks.  If the defendant has without right brought separate suits, the existing remedies at law are adequate for the plaintiff's protection.  If the conduct of the defendant has been tortious, there is a remedy at law for damages.  If he has exercised and continues to enforce strictly legal rights in an unconscionable manner, the remedies of the plaintiff by joint trial, consolidation, and limitation of costs are sufficient protection to the plaintiff. The small claims statute was intended to afford the court full power to prevent its being used contrary to the purposes of its enactment, and so far as appears in the present case it cannot be said to have been inadequate to that purpose. It may be assumed that in the court where the cases are now pending the rights of the plaintiff will be fully preserved.

*Decree affirmed.*