CHARLES J. McLAUGHLIN *vs.* MUNICIPAL COURT OF THE ROXBURY DISTRICT OF THE CITY OF BOSTON.

Suffolk.  November 14, 1939. — February 26, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Practice, Civil,* Small claims procedure; Conduct of the trial: small claims hearing.

A judge of a District Court hearing an action under the small claims procedure did not exceed his powers under Rule 7 of the Rules of the District Courts for Small Claims Procedure (1932) where, after a lengthy and unhelpful cross-examination of the plaintiff by counsel for the defendant, followed by instructions from the judge to counsel not to waste too much time and a remark by counsel that he "would take as much time as he wanted," the judge took "active charge" of the hearing, heard the other witnesses for the plaintiff and then offered to hear the defendant and his witnesses, whereupon the defendant under advice of counsel refused to testify or to introduce any evidence.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on June 30, 1939.

The case was heard by *Lummus*, J.

*L. Goldstein*, (*J. Goldstein* with him,) for the petitioner.

*P. A. Dever*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondent, submitted a brief.

FIELD, C.J. This is a petition for a writ of certiorari. It was heard by a justice of this court on the petition and return. He ordered the petition dismissed. The petitioner excepted.

The petitioner, as appears from the return, was the defendant in an action brought against him under the small claims procedure (G. L. [Ter. Ed.] c. 218, §§ 21–25; see also St. 1937, c. 310) in the Municipal Court for the Roxbury District of Boston for property damage resulting from a collision of automobiles. There was a judgment for the plaintiff. The defendant in that action — the petitioner here — seeks in substance to have the judgment quashed and "such order, judgment or decree as law and justice may require." See G. L. (Ter. Ed.) c. 249, § 4.

Since, in any event, the decision must be adverse to the petitioner, we assume in his favor (see *Webster* v. *Alcoholic Beverages Control Commission*, 295 Mass. 572) that a petition for a writ of certiorari will lie to correct error of law in an action tried under the small claims procedure in the circumstances disclosed by the return. Compare *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 543–544; *Merchants Mutual Casualty Co.* v. *Justices of the Superior Court*, 291 Mass. 164, 165. The return as extended was somewhat defective in form. See *Walsh* v. *District Court of Springfield*, 297 Mass. 472, 473. Neither party, however, has raised this point and it must be treated as waived. *Byfield* v. *Newton*, 247 Mass. 46, 53. The return as extended "must be taken to set out an accurate record of the proceedings and to be true and conclusive as to all matters of fact within the jurisdiction of the respondent." *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448, 457. The sole question presented is whether the return, as extended, discloses any material error of law in the proceedings in the Municipal Court. *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex*, 249 Mass. 465, 468.

The contention of the petitioner is that he was deprived of his right to be represented by counsel in the trial of the action. The facts bearing upon this contention appearing in the return as extended are these: "The defendant was originally defaulted in this action . . . . Attorney Goldstein appeared and made a motion to remove the default, which the court heard and allowed. The case then immediately proceeded to trial, the plaintiff not being represented by counsel. Attorney Goldstein represented the defendant. The plaintiff told his version of the accident and proved his damages, whereupon Attorney Goldstein undertook to cross-examine the witness. He was very lengthy and did not assist the court, whereupon the court instructed him not to waste too much time as this action was brought under the small claims procedure, whereupon he stated that he could take as much time as he wanted and he was then informed that the court would be in active charge of the proceedings as provided by the small claims procedure. The court thereupon heard the plaintiff's witnesses and then asked the defendant to take the stand, whereupon Attorney Goldstein instructed the defendant not to take the stand and not to testify. The court then asked the defendant if he desired to introduce any evidence, whereupon Attorney Goldstein again instructed the defendant not to introduce any evidence and the defendant followed his instructions, whereupon the court found for the plaintiff."

It appears, therefore, that the defendant in the original case — the petitioner here — was represented by counsel at the hearing, that such counsel conducted a part of the cross-examination of the plaintiff as a witness, and was present throughout the hearing, advising the defendant, and that the presiding judge gave the defendant an opportunity to testify and an opportunity to introduce other evidence, but that, by advice of counsel, he did not avail himself of these opportunities. His grievance is merely that the presiding judge, after instructing counsel for the defendant who "did not assist the court" "not to waste too much time" in cross-examining the plaintiff as a wit-

ness, and being met by a statement of such counsel "that he could take as much time as he wanted," informed such counsel that the court would be in "active charge of the proceedings as provided by the small claims procedure," and apparently conducted the further examination of witnesses and did not permit the defendant's counsel to examine witnesses further.

The question for determination is not whether in a trial under ordinary procedure, in a case such as was being heard, the action of the judge would have deprived the defendant of any legal right, but, rather, whether the defendant was deprived of any right that he had at a hearing under the small claims procedure as provided by statute and rules made thereunder.

G. L. (Ter. Ed.) c. 218, § 21, provides in part that the "justices or a majority of them of all the district courts . . . shall make uniform rules applicable to said courts . . . providing for a simple, informal and inexpensive procedure, hereinafter called the procedure, for the determination, according to the rules of substantive law, of claims in the nature of contract or tort, other than slander and libel, in which the plaintiff does not claim as debt or damages more than fifty dollars . . . . The procedure shall not be exclusive, but shall be alternative to the formal procedure for causes begun by writ." Section 22, as amended by St. 1937, c. 310, provides in part that the "procedure may include the modification of any or all rules of pleading and practice, anything contained in other chapters, sections or acts notwithstanding." Section 23 provides in part that a "plaintiff beginning a cause under the procedure shall be deemed to have waived a trial by jury and any right of appeal to the superior court and any right to a report to an appellate division . . . . No other party to a cause under the procedure shall be entitled to an appeal or report. In lieu thereof, any such party may, prior to the day upon which he is notified to appear, file in the court where the cause is pending a claim of trial by jury, and his affidavit that there are questions of fact in the cause requiring trial, with specifications thereof, and that such trial is

intended in good faith," and shall file a bond to satisfy any judgment for costs entered against him, "and thereupon the clerk shall forthwith transmit such original papers or attested copies thereof as the rules for the procedure may provide, and the superior court may try the cause as transmitted or may require pleadings as in a cause begun by writ." Section 24 provides for a transfer by the District Court, "in its discretion," of a "cause begun under the procedure to the regular civil docket for formal hearing and determination."

This statute "was intended by the Legislature to provide a simple, prompt, and informal means, at small expense, for adjudication of" small claims. *McLaughlin* v. *Levenbaum*, 248 Mass. 170, 175–176. The language of the statute makes this general purpose clear. But the report of the Judicature Commission (1920 House Document 597) recommending the passage of such a statute, in terms substantially the same as the statute passed upon such recommendation (see St. 1920, c. 553), throws light upon the purpose and meaning of the statute. See *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 273 Mass. 212, 214. See also *Carlos Ruggles Lumber Co.* v. *Commonwealth*, 261 Mass. 445, 447–448. In that report, on pages 11, 12, 14, it was said, in part, that "the fact remains that the judicial machinery fails to provide a fair opportunity in many small cases. . . . All that is necessary is to make it clear that the police, district and municipal courts shall by rule provide that persons having claims under a certain amount may bring them directly before the judge, simply, without expense, and without formality, and let the judge dispose of the matter then and there, as courts of this nature are doing successfully in other jurisdictions in thousands of cases to-day. The question of the amount at which to fix the limit of the jurisdiction has been a matter of discussion. This amount varies in different places in other jurisdictions. The Commission suggests that it should be fixed at $35. [This amount was so fixed by St. 1920, c. 553, but was increased to $50 by St. 1928, c. 144.] Most claims under that amount, while of considerable importance to persons

who have them, are not claims which call for any formal procedure, but they do call for the administration of practical, speedy justice, with the least possible red tape and expense that can be devised, in order that the persons involved shall not only get, but shall understand that they get, a fair hearing. The proposed bill does not necessarily exclude lawyers. It does not prevent a judge from transferring the case to the regular docket for more formal hearing if there seems special occasion for it, but it does give an opportunity to the parties to come directly before the judge, tell him their story, answer his questions, and let him settle it, and that is what most people in such small matters want." The statute has not been changed in any respect affecting its general nature since it was first enacted. See St. 1922, c. 99; St. 1925, c. 132; St. 1928, c. 144; St. 1937, c. 310.

Rule 7 of the Rules of the District Courts for Small Claims Procedure (1932), in force when this case was brought and was heard, provided in part that "Witnesses shall be sworn; but the court shall conduct the hearing in such order and form, and with such methods of proof, as it deems best suited to discover the facts and to determine the justice of the case." See now Rule 7 of the Rules of the District Courts for Small Claims Procedure (1940).

As stated in the statute the small claims procedure is "alternative to the formal procedure." Parties try cases under the small claims procedure only if they elect to do so. The plaintiff has a free choice. The defendant has a choice subject to certain limitations that cannot be said to be unreasonable. See *Fratantonio* v. *Atlantic Refining Co.* 297 Mass. 21, and cases cited. The defendant in the case under consideration, by failing to take the steps required by the statute to obtain a trial of the action under formal procedure, must be taken to have assented to a trial of the action in accordance with the statute and the existing rules made thereunder governing cases brought under the small claims procedure.

The statute governing small claims procedure expressly requires that claims are to be determined "according to

the rules of substantive law." But it permits modification by rules of court of "any or all rules of pleading and practice" notwithstanding any statute on the subject. And the manner in which a trial of fact shall be conducted is to a large extent matter of "practice" rather than of substantive law (compare *Commonwealth* v. *Rosenblatt*, 219 Mass. 197, 198), though it may be possible for rules of "practice" to be so applied as to conflict with "rules of substantive law."

Rule 7 made under the statute deals with that part of "practice" that relates to the hearing of a case by providing in substance that a judge shall have wide discretion in conducting the hearing as to "order and form" and "methods of proof" in matters that in formal procedure are governed by fixed rules or principles. The rule, in this respect, so far as it bears upon the hearing of a case, seems to be within the purpose of the statute to make the procedure "simple, informal and inexpensive." The statute "was intended to afford the court full power to prevent its being used contrary to the purposes of its enactment." *McLaughlin* v. *Levenbaum*, 248 Mass. 170, 176. The statute would fail of its purpose if it merely substituted for established rules or principles applicable to ordinary procedure another set of detailed rules for the trial of cases under the small claims procedure. The informality that is to characterize a hearing under the small claims procedure imports that the judge may be permitted by rule to exercise a wide discretion. And discretion "implies the absence of a hard-and-fast rule." *Long* v. *George*, 296 Mass. 574, 578. But the discretion exercised, of course, must be a sound judicial discretion and not arbitrary action.

The return does not show that the trial judge failed to exercise sound judicial discretion within the scope of Rule 7. It does not appear that the defendant did not have reasonable opportunity to prepare his case with the assistance of counsel. See *Ott* v. *Board of Registration of Medicine*, 276 Mass. 566, 573–574. And the return does not disclose that the hearing was not conducted in a manner that the judge might reasonably deem "best suited to discover the

facts and to determine the justice of the case." It does not appear that the defendant did not have an opportunity to introduce all the evidence that would be material to his defence — to "present his whole case." *Goldman* v. *Ashkins*, 266 Mass. 374, 380. The judge, so far as appears, did not refuse "to hear all that was at hand to be offered." *Union Trust Co. of Springfield* v. *Magenis*, 266 Mass. 363, 365. The defendant, by his own choice, acting under advice of counsel, declined to introduce any evidence. There is nothing in the return as extended to show that the limitation upon cross-examination of the plaintiff by counsel for the defendant would not have been proper even under formal procedure. Even under such procedure the "extent of cross-examination rests largely in the sound discretion of the presiding judge." *Gerber* v. *New York Central Railroad*, 288 Mass. 318, 321. See also *Munro* v. *Stowe*, 175 Mass. 169, 172; *Squier* v. *Barnes*, 193 Mass. 21, 25. As was said in *Goldman* v. *Ashkins*, 266 Mass. 374, 379–380: "The direct and cross-examination of witnesses is in general and within reasonable limits subject to the power of the trial judge as to length. . . . It may be that time is wasted by the prolix examination of witnesses. . . . Trials ought not to be permitted to be too prolonged. Examination of witnesses ought to be as brief as is practicable. Questions should be concise, and directed to a definite object, not rambling and scattered. The trial ought continuously to march forward without repetitions and without diversions into collateral or disconnected matters. The judge ought to be always the guiding spirit and the controlling mind at a trial in this as in other particulars."

The defendant, in support of his contention that he was denied a proper hearing, relies upon the principle stated in *Powell* v. *Alabama*, 287 U. S. 45, 69 — a capital case — where the court said that if "in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense." Of course we do not question the

correctness of this general principle. But in our opinion the action of the judge disclosed by the return as extended was not in conflict therewith. This principle does not prevent the presiding judge in a case under the small claims procedure from taking active charge of the proceedings and examining witnesses. Even under formal procedure the judge "ought to be always the guiding spirit and the controlling mind at a trial." *Goldman* v. *Ashkins*, 266 Mass. 374, 380. See also *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502. In view of this duty of the judge he may put proper questions to witnesses. See *Palmer* v. *White*, 10 Cush. 321, 323; *Sherman* v. *Sherman*, 193 Mass. 400, 401; *Brooslin* v. *Cohn*, 270 Mass. 38, 39. It is said in Wigmore on Evidence (3d ed.) § 784, that "the right of the judge to interrogate as he thinks best has always been preserved in theory." Nothing in our decisions casts doubt upon this general proposition as applied to questions in their nature admissible. It is not necessary to consider in this case limitations upon this principle as matter of law or of wise trial practice. See cases collected in Note, 84 Am. L. R. 1172. See also Notes, 57 L. R. A. 875; L. R. A. (1916 A) 1191.

The statute relating to small claims procedure, however, contemplates, if necessary, more active participation of the judge in the conduct of the hearing than is usual under formal procedure. Obviously it was intended by the statute to provide a form of hearing in which assistance of parties by counsel would not be required, since it was contemplated that in many, if not most, cases the parties would not be so assisted. (Indeed, in the present case, the plaintiff was not assisted by counsel.) And in such cases active participation by the judge in the examination of witnesses ordinarily would be essential for discovery of the facts and determination of the justice of the case. The defendant could not, by being represented by counsel, change the essential nature of the hearing to which he had assented. He could not by being so represented relieve the judge of his duty under the statute and rule to "conduct the hearing in such order and form, and with such methods of proof" as in the sound

discretion of the judge he "deems best suited to discover the facts and to determine the justice of the case." The statute "was intended to afford the court full power to prevent its being used contrary to the purposes of its enactment." *McLaughlin* v. *Levenbaum,* 248 Mass. 170, 176. Neither the statute nor the rule expressly forbids examination of witnesses by counsel. Whether a rule to that effect could be made rightly need not be decided. Nor need it be decided whether, under the applicable rule, a judge could forbid examination of witnesses by counsel as a matter of general practice without special reason therefor in the particular case. But we are of opinion that a judge under the small claims procedure has a wide discretion with respect to the extent of participation by counsel in a hearing. And we are further of opinion that, in the present case where counsel for the defendant failed to assist the judge in the performance of his judicial duties and refused to obey an instruction by the judge that, so far as appears, was not unreasonable, the judge did not go beyond the bounds of his discretionary power in taking "active charge of the proceedings" and impliedly, if not expressly, refusing to permit such counsel to examine witnesses. No legal right of the defendant was thereby impaired. Moreover, even if, as we do not intimate, the defendant would have been entitled to a continuance of the hearing for the purpose of securing other counsel to represent him in the case, it does not appear that the defendant, who had the benefit of the advice of counsel during the hearing, made any request for such a continuance. It must be taken that the defendant waived any right that he may have had to a continuance.

The single justice who heard the petition for a writ of certiorari made a ruling[1] — to which the petitioner excepted — somewhat broader than the ground upon which we rest

---

[1] The ruling was as follows: "I rule that under the act providing for small claims procedure and the rules of the district courts made in pursuance of that act a party has not the same right that he has in ordinary proceedings before a court to have the examination of witnesses conducted by counsel, but I rule that the judge has a right in his discretion to conduct the examination of the witnesses himself, and to deny to counsel the right or privilege of examination or cross-examination of witnesses, even though the party desires to have counsel act for him in that regard." — REPORTER.

the decision of the case.   As applied to the facts of this case, the ruling was correct.   And we need not decide whether it would be correct as applied to other facts.   In any event, the ruling did not vitiate the order of the single justice dismissing the petition, since, as matter of law, on the facts disclosed by the return as extended, the petition cannot be maintained.

*Exceptions overruled.*
*Petition dismissed with costs.*