*Southern District*

No. 53379

**BARNEY & CAREY COMPANY**

**v.**

**MILTON TAXI SERVICE, INC.**

---

**MILTON TAXI SERVICE, INC.**

**v.**

**CATHERINE M. REILLY**

*Present:* Nash, C.J., Cox, Murphy, JJ.

Case tried to *Halloran, J.,* in the District Court of East Norfolk. No. 53379.

*Cox, J.* This action to recover $85.00 for damage to the plaintiff's property on June 15, 1966 was brought under the small claims procedure. G.L. c. 218, §§ 21-25, as amended in § 21 by St. 1963, c. 810, § 3, which confers the rule making power upon the chief justice of the district courts, and by St. 1964, c. 496, § 1 which increases the jurisdictional amount to $150.00. See also St. 1967, c. 21 further increasing the jurisdictional amount to $200.00 on October 1, 1967.

The defendant, as third party plaintiff, impleaded Catherine M. Reilly as third party defendant. See G.L. c. 231, § 4B added by St. 1964, c. 696 and made applicable to the District Courts by St. 1966, c. 88.

The third party defendant, Catherine M. Reilly, filed a motion to dismiss on the ground that the impleader statute does not apply to

actions commenced under the small claims procedure. The motion to dismiss was denied. The justice reported the ruling for our determination.

Rules 47 to 62, inclusive, of the District Courts (1956) are the rules which apply to small claims procedure. Rule 62 provides that the court may submit to the Appellate Division in the form of a report of a case stated, any question of law arising under the small claims procedure. No briefs are required and the order of the Appellate Division is not appealable. The question raised by the third party defendant is so reported.

As the question is reported in the form of a case stated it is our duty to order the correct judgment on the facts stated. *Commonwealth* v. *Alleged Gaming Apparatus, Etc.,* 335 Mass. 223, 225. *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 728-729.

By G.L. c. 218, § 21 the small claims procedure is not exclusive "but shall be alternative to the formal procedure for causes begun by writ." § 22 provides that "The procedure may include the modification of any or all rules of pleading and practice, anything continued in other chapters, sections or acts notwithstanding." Rule 59 provides that "Rules of practice in ordinary civil actions, which are applicable to this procedure and not inconsistent with these rules, shall apply to cases under this procedure." As the impleader statute,

G.L. c. 231, § 4B, is now applicable to actions in the District Courts, it would appear, on the authority of §§ 21 and 22 and rule 59, that the impleader statute, modified to permit service by registered or certified mail rather than by writ and summons is equally applicable to small claims in contract or tort, other than slander and libel, as to other such actions in the district courts.

Upon being impleaded in a pending small claim action the third party defendant has the same rights as those available to the original defendant. The third party defendant may claim a trial by jury and for that purpose may remove the action to the superior court in accordance with G.L. c. 218, § 23. Section 23 gives a right of removal in lieu of a right of appeal or report. A defendant, original or impleaded, who does not remove the actions submits to the small claims procedure in all respects. G.L. c. 218, §§ 21-25. Rules 47-62 of the District Courts (1965).

The special justice was right in denying the motion of the third party defendant, Catherine M. Reilly, to dismiss.

The impleading of a third party defendant does not thwart the legislative purpose to provide by the small claims procedure "a simple, prompt and informal means, at small expense, for adjudication of" small claims. *McLaughlin* v. *Municipal Court of the Roxbury District,* 308 Mass. 397. On the contrary, we view the ap-

plication of the impleader law to small claims as consistent with legislative purpose to avoid circuity of actions, a consummation as desirable in small claims actions as in actions commenced by writ and summons.

Prior to the impleader statute the Supreme Judicial Court has recognized the right of the District Court to require the consolidation or trial together of a number of pending small claims. *McLaughlin* v. *Levenbaum,* 248 Mass. 170, 175-176. The situation in the case before us is analogous in the adaptation of established practice and procedure to small claims cases.

The report raises no question of venue. However, in this connection see G.L. c. 218, § 21 which provides that a small claim action shall be brought in the judicial district where the defendant lives or has his usual place of business. This provision governing venue is expressly recognized by G.L. c. 223, § 2, which relates to venue of transitory actions in district courts.

**As we see no prejudicial error of law the report should be dismissed.**

Plaintiff *pro se*

DARLING & McLAUGHLIN and MATTHEW T. CONNELLY, all of Waltham for the Defendant.