**Rob CAMPBELL, Appellant,**

v.

**Fred CRAGER and Lucinda Crager, Appellees.**

No. 2003–CA–002372–DG.

Court of Appeals of Kentucky.

March 25, 2005.

Rehearing Denied June 30, 2005.

Ronald L. Rigg, Washington, KY, for appellant.

Fred Crager, and Lucinda Crager, Clearfield, KY, pro se.

Before COMBS, Chief Judge; MINTON, Judge; and MILLER, Senior Judge.[1]

*OPINION*

MINTON, Judge.

Fred and Lucinda Crager sued Rob Campbell in small claims court for defective installation of floor tile. Despite notice, Campbell failed to appear on the day and time appointed for the hearing on the merits. Instead, Campbell's attorney appeared and orally moved to remove the case from the small claims division to the district court's regular civil docket for a jury trial. The trial judge denied the motion and entered judgment by default against Campbell. On appeal, the circuit court affirmed the trial judge, holding that Campbell's failure to comply with the statutory requirements for removal and his failure to appear personally at the hearing warranted entry of judgment against him by default. We agree with the circuit court and affirm.

In their small claims complaint, filed November 15, 2002, the Cragers alleged that Campbell had breached his contract with them "by not performing professional tile installation as per contract with agreed amount $2,087.96 [sic]. Damage sustained due to improper tile installation as per Congoleum Durostone specifications." The Cragers demanded $1,450.00 in damages. The record shows that Campbell was served by the sheriff with the small claims summons on December 2, 2002, giving notice of the time and place for the hearing along with a copy of the complaint. Although the Cragers were present for the hearing, Campbell did not show up. Rather, his retained counsel, Ronald L. Rigg, appeared on his behalf. Rigg moved the

---

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

court to change the date of the hearing or remove the case to district court. But because of Campbell's absence and the judge's determination that counsel's motion was untimely, the court entered default judgment.

Campbell appealed to the Rowan Circuit Court. The circuit court agreed with the district court's decision, stating:

> This Court [cannot] say that the decision of the District Court Judge to overrule an oral motion to remove to District Court when statute mandates that a written motion to remove to District Court must be filed within seven (7) days of the hearing was clearly erroneous. Therefore, the decision of the Rowan District Court is affirmed.

We granted Campbell's motion for discretionary review of the circuit court's decision.

The purpose of the Kentucky Small Claims Act is to:

> improve the administration of justice in small noncriminal cases, and make the judicial system more available and comprehensible to the public; to simplify practice and procedure in the commencement, handling, and trial of such cases in order that plaintiffs may bring actions in their own behalf, and defendants may participate actively in the proceedings rather than default; to provide an efficient and inexpensive forum with the objective of dispensing justice in a speedy manner; and generally to promote the confidence of the public in the overall judicial system by providing a forum for small claims.[2]

The obvious intent behind small claims court is to provide an informal and economical forum for dispute resolution. The procedural rules are minimal. Parties may file a claim or defend themselves without the help of counsel, but a party may retain a lawyer. KRS 24A.240(1) states that "[t]he appearance of an attorney-at-law on behalf of any party is permitted but not required." If a party wants a jury trial, a motion must be made to remove the case to district court.[3] The motion must be in writing and must be filed at least seven days before the time set for hearing.[4]

In his brief, Campbell asserts that default judgment was erroneously entered. Specifically, he claims that because he was represented by counsel at the hearing, he properly made an "appearance"; therefore, he argues that his constitutional rights were violated by the court's refusal to provide him with a "fair trial." He further asserts that although the Kentucky Small Claims Act "provides limitations on a party's rights to jury trial by requiring prior written demand of same, the act does not in any way limit or restrict an individual's right to a fundamentally fair trial, particularly when he enters an appearance in the action."

The hearing before the small claims court was brief. The entirety of the transcript reads as follows:

> JUDGE COX: Fred and Lucinda Crager vs. Rob Campbell. Shows service in this case.
>
> RONALD L. RIGG: Mr. Campbell called me Tuesday I think Judge and asked me to try to work this problem out with these.
>
> JUDGE COX: Do you represent him?
>
> RONALD L. RIGG: Yes. He hired me Tuesday.
>
> JUDGE COX: Pardon?
>
> RONALD L. RIGG: Yes sir.

2. Kentucky Revised Statutes (KRS) 24A.200.

3. KRS 24A.310(2), 24A.320(2).

4. KRS 24A.320(2).

JUDGE COX: Is he here?

RONALD L. RIGG: No sir.

JUDGE COX: Would you please flip these in the file so I can read them. These forms have got everything on the back.

RONALD L. RIGG: Judge what I was hoping was since he retained me late was to, if you would consider one of two options either setting it back to the next February date so I can talk to these people and him and maybe mediate and resolve it or remove it to District Court.

JUDGE COX: No. I'm going to grant the Default Judgment $1,450 plus court costs. He's failed to appear and he was served to be here.

RONALD L. RIGG: He was only paid $1,000.00 and he's offered to give that back.

JUDGE COX: He's not here. He was served to be in this Court.

RONALD L. RIGG: I understand that. Can we remove the case to District Court?

JUDGE COX: You haven't filed a Motion with the rules to do that.

RONALD L. RIGG: Judge it was within seven days he didn't hire me within seven days.

JUDGE COX: Your client is in Default and he has a Judgment against him now and you all will receive it. Thank you. We don't conduct Court like that here.

RONALD L. RIGG: Judge the rules . . .

JUDGE COX: Don't argue with me. You are excused.

RONALD L. RIGG: I wasn't arguing.

At first glance, the actions of the district judge do appear harsh. Although Campbell was not physically present at the hearing, he was represented by counsel. And,

as previously stated, KRS 24A.240(1) clearly permits a party to be represented in small claims court by an attorney at law.

But we do not believe the judge abused his discretion when he granted default judgment. As acknowledged by the Supreme Judicial Court of Massachusetts in *McLaughlin v. Municipal Court of Roxbury Dist. of City of Boston:* [5]

> The question for determination is not whether in a trial under ordinary procedure, in a case such as was being heard, the action of the judge would have deprived the defendant of any legal right, but, rather, whether the defendant was deprived of any right that he had at a hearing under the small claims procedure as provided by statute and rules made thereunder.[6]
>
> . . . .
>
> The statute relating to small claims procedure . . . was intended . . . to provide a form of hearing in which assistance of parties by counsel would not be required, since it was contemplated that in many, if not most, cases the parties would not be so assisted. . . . The defendant could not, by being represented by counsel, change the essential nature of the hearing to which he had assented.[7]

We realize that the holding in *McLaughlin* does not control in this Court; nonetheless, we find its rationale to be persuasive. Like the situation in *McLaughlin,* the issue before us is not "whether in a trial under ordinary procedure . . . the action of the judge would have deprived [Campbell] of any legal right"; rather, the question is whether Campbell "was deprived of any right that he had at a hearing under the small claims procedure. . . . "

---

5. 308 Mass. 397, 32 N.E.2d 266 (Mass.1941).

6. *Id.* at 268–269.

7. *Id.* at 271.

As established, the "rules" that must be followed in small claims court are minimal. The procedural requirements are relaxed in order to provide parties a simple forum in which to litigate their claims.

The statute in issue here, KRS 24A.320, unequivocally states that a motion to remove a case to district court must be in writing, and must be filed at least seven days prior to the time set for hearing. Yet, Campbell failed to file a removal motion, opting instead to wait until a few days before his scheduled hearing to retain counsel. Counsel then made an oral motion before the court to either reschedule the hearing or to remove the case to district court.

Campbell was not, as he argues, denied a "fair trial." Rather, he plainly failed to follow the simple requirements of the Kentucky Small Claims Act. Campbell was given every right afforded to parties before the small claims court. And he should not be allowed to "change the essential nature" of his small claims hearing simply by having counsel present.

Based on Campbell's failure to comply with the statutory removal procedures, we do not believe the district court's actions can be considered "clearly erroneous," nor do we believe the judge abused his discretion. Therefore, we agree with the decision of the Rowan Circuit Court to affirm the judgment of the Rowan District Court.

ALL CONCUR.