**NORTHERN TOOL AND EQUIPMENT, INC.,**
Appellant,

v.

**Tim DURBIN, Appellee.**

**No. 2011–CA–000503–DG.**

Court of Appeals of Kentucky.

Feb. 1, 2013.

Melissa S. Gruner, Louisville, KY, for Appellant.

No brief filed for appellee.

Before COMBS, MAZE and THOMPSON, Judges.

## *OPINION*

THOMPSON, Judge:

Northern Tool and Equipment, Inc. was granted discretionary review of an order of the Edmonson Circuit Court affirming a district court judgment in a small claims action. Northern Tool argues that the district court improperly shifted the burden of proof to the defendant and erroneously awarded credit card interest. We affirm.

Tim Durbin purchased and installed a generator from Northern Tool. Approximately two to three months later, the generator ignited causing damage to Durbin's property. After Northern Tool took possession and reimbursed Durbin for the cost of the generator, Durbin filed an action in the small claims division of the Edmonson District Court seeking $550 for damage to the vinyl underpinning to his mobile home caused by the fire, $500 for labor to replace the underpinning, and $140 for interest charged to a credit card account used to purchase the generator. After a bench trial, the district court entered a judgment in Durbin's favor. The district court took "judicial notice that new generators do not normally malfunction and catch on fire without some intervening cause." The district court further found that there was no proof that there was an intervening cause resulting in the generator's malfunction. On appeal, the Edmonson Circuit Court affirmed the judgment.

Initially, we note that Durbin did not file a responsive brief. Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) states;

If the appellee's brief has not been filed within the time allowed, the court may:

(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

Pursuant to that rule, we accept Northern Tool's statement of the facts and issues as correct. However, we affirm.

Northern Tool contends that this small claims case is governed by the Kentucky Products Liability Act that provides in part:

[I]t shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the product was not defective if the design, methods of manufacture, and testing conformed to the generally recognized and prevailing standards or the state of the art in existence at the time the design was prepared, and the product was manufactured.

KRS 411.310(2). It argues that the trial court ignored the statutory presumption. It further contends that the Act does not permit the recovery of credit-card interest fees.

 We note that Northern Tool has not cited to the record where it preserved the issue of the application of the Kentucky Products Liability Act to Durbin's claim. Further, it has not cited any evidence that it established that the generator's "design, methods of manufacture, and testing conformed to the generally recognized and prevailing standards or the state of the art in existence at the time the design was prepared and the [generator] was manufactured." *Id.* However, the most compelling reason to affirm the trial court is the very nature of a small claims action.

The purpose of Kentucky's Small Claims Act is expressly stated in KRS 24A.200:

> The purpose of KRS 24A.200 to 24A.360 is to improve the administration of justice in small noncriminal cases, and make the judicial system more available and comprehensible to the public; to simplify practice and procedure in the commencement, handling, and trial of such cases in order that plaintiffs may bring actions in their own behalf, and defendants may participate actively in the proceedings rather than default; to provide an efficient and inexpensive forum with the objective of dispensing justice in a speedy manner; and generally to promote the confidence of the public in the overall judicial system by providing a forum for small claims.

Further, the Act provides that the strict evidentiary standards contained in our products liability statutes are not applicable to a small claims action. As pointed out in *Campbell v. Crager*, 167 S.W.3d 669, 672 (Ky.App.2005), there are minimal rules that must be followed in small claims court. The record is often small and unsophisticated compared to heavily litigated cases. "The procedural requirements are relaxed in order to provide parties a simple forum in which to litigate their claims." *Id.*

The streamlined nature of a small claims case is emphasized in KRS 24A.300(2), which provides that all forms be simplified and nontechnical. The statute further provides that "[t]here shall be no pretrial discovery in the small claims division of the District Court." KRS 24A.300(3). As a result, there is effectively no record other than the form complaint and a response.

The present action was filed as a small claims case, not as a products liability action. As this Court recognized in its unpublished opinion in *Crittenden Builders Supply Co. v. Grant County Concrete Co., Inc.*, 2006 WL 2520080 (Ky.App. Sep. 1, 2006), in a small claims case, the court "simply considers the complaint and sundry information provided by the parties and renders a decision based upon equity and fair dealing."[1] If Northern Tool desired to have this claim litigated in a forum where civil procedural rules are applicable, it could have sought removal to district court pursuant to KRS 24A.310. However, it did not. Whether the judgment was based on the theory of warranty, contract, or even products liability, we will not disturb the judgment.

For the reasons stated, the order of the Edmonson Circuit Court is affirmed.

ALL CONCUR.

---

1. Because this Court reviews small claims cases only after accepting discretionary review, there are few appellate cases interpreting the Act and, therefore, we cite this unpublished opinion pursuant to CR 76.28(4)(c).